NEW-YORK,
May, 1830.

GAY *vs.* BALLOU.

Gay
v.
Ballou.

An *express* promise need not be proved to render an *infant* liable for *neces-saries;* but where he is sought to be charged otherwise than for necessaries, an express promise must be shewn.

A husband is not bound to support his wife's child by a former marriage.

LIABILITY of infant. In this case a motion was made to set aside a report of referees. The action was brought to recover for the maintenance of the defendant whilst an infant, for the period of near three and a half years, and for necessaries furnished him during that time. The defendant pleaded the general issue and infancy: the plaintiff replied that his demand was for necessaries furnished, upon which issue was taken. The cause was heard before referees.

The plaintiff married the mother of the defendant in December, 1819, when the defendant, being then about 17 years of age, went to reside with the plaintiff, and continued with him until about 1st May, 1823, at which time, his mother having shortly before died, he left the plaintiff's house. The plaintiff in a bill of particulars claimed $346 for boarding, lodging, washing and mending furnished the defendant from 4th January, 1820, until 1st May, 1823, being 173 weeks at $2 per week, and $45,38 consisting of sundry items paid for defendant to schoolmasters, merchants, physicians, tailors and shoemakers. Several witnesses were examined as to the value of board, &c. and in proof of the small items in the plaintiff's bill of particulars. On the other hand testimony was adduced as to services rendered by the defendant whilst he resided with the plaintiff. It was proved that since the defendant came of age, he said he was willing to settle with the plaintiff and pay him what he owed him, if any thing. Shortly previous to the defendant's coming of age, he was furnished by the plaintiff with a bill of his charges, he examined it and said he did not know but it was right, but he should like to have advice and consider of it; he then made no objections to any item in it, the bill then given him corresponded with the bill of particulars; at other times he said that the plaintiff had charged him for articles he had not had,

and that his charges were unreasonable. The referees reported in favor of the plaintiff for $186,91.

S. Beardsley, for defendant.

W. H. Maynard, for plaintiff.

By the Court, SUTHERLAND, J. A husband is not bound to maintain his wife's child by a former husband. The statute of 43d Eliz. ch. 2, sect. 7, of which ours is a transcript, (1 R. L. 286, sect. 21,) extends only to natural relations. (*Tubb* v. *Harrison*, 4 T. R. 118 ; *Cooper* v. *Martin*, 4 East, 76 ; *and the authorities cited in those cases*.) The plaintiff, therefore, was under no obligation, either legal or moral, to support the defendant.

The referees, who stand in the place of the jury, have found that the articles furnished by the plaintiff were necessaries; and that the defendant promised to pay for them. The evidence supports that finding.

All the charges are for boarding, lodging, schooling, clothing, and physicians' bills ; and there is no evidence or allegation that they were unsuitable in any respect to the condition of the defendant. (Bingham on Infancy, 86, 7. Comyn on Contr. 154, 5. 2 Kent's Comm. 195.) The report was not questioned on that ground upon the argument; but it was contended that there was no evidence of an express promise on the part of the defendant to pay, and that no promise can be implied.

The evidence of the defendant's promise is certainly as strong as it was in the case of *Cooper* v. *Martin*, (4 East, 76.) In that case, the only evidence was, that the defendant, in conversation with his sister, (who mentioned her own intention of paying for her board,) said that he should have paid the plaintiff but for his elder brother, who advised him not to do so. It was not denied that this was sufficient evidence of a promise, but the argument in that case was, that the plaintiff was bound to maintain the defendant, and that the defendant's promise, therefore, was without consideration. But it was held by all the judges that there was a good consideration, and a sufficient promise. In the case

at bar, two witnesses (Mitchell and Storm) testified that they had heard the defendant declare that he was willing to settle with Mr. Gay, and pay him what he owed him, if any thing. Another witness (Loomis) testified that he heard the defendant say that plaintiff had let him have some articles of clothing, but he thought he had charged him for more than he had had. The defendant and the witness examined the plaintiff's account, (which was substantially the same as that exhibited on the trial;) and the defendant said he did not know but it was right, but should like to have advice and consider, &c. He made no objection to any item.

An express promise, I apprehend, need not be proved, in order to render an infant liable for necessaries. Where the plaintiff's demand is not for necessaries, and the issue is upon a new promise after the defendant came of age, an express promise must be proved ; because, there never having been any legal obligation on the part of the defendant, he cannot be legally liable without such promise. A moral obligation is sufficient to support an actual promise, but will not raise or support an implied one. (*Thrupp* v. *Fielder*, 2 Esp. R. 628. 3 id. 160. 5. id. 102, *Harmer* v. *Killings*, 2 Evans' Pothier, 123, numb. 15. 11 Mass. Rep. 147. 1 Pickering, 202. 4 id. 48. Peake's Ev. 260.) But an infant is liable for necessaries, in the same manner as an adult is liable ; and his contract or promise to pay is to be established in the same manner. If an infant direct a tailor to make him a suit of clothes, an express promise to pay for them is not necessary in order to make him responsible ; or if he be accommodated with board and lodging suitable to his condition, while pursuing his academical or professional studies, he is bound to pay what they are reasonably worth, though no actual promise to pay can be proved. The promise is implied, and being for necessaries, it is legal and binding.

The admissions of the defendant in this case afford sufficient evidence that the items of the plaintiff's account were paid or furnished at the defendant's request ; and being suitable and necessary for a person in his condition, the law implies a promise on his part to pay for them.

NEW-YORK,
May, 1830.

In *Wailing* v. *Toll*, (9 Johns. R. 141,) an infant was sued by a physician for medicine and attendance. The only evidence on the part of the plaintiff was, the admission of the defendant that the items charged were correct; but she at the same time said she had not employed the plaintiff, and that she was under the age of 21 years. It was held that the plaintiff could not recover upon this evidence. The court remark, that "for any thing that appeared, the defendant was living with her father, and the medicine and attendance were furnished at his request." Such they held was the reasonable intendment; and an infant who lives with and is maintained by her father, cannot bind herself for necessaries. The confessions of the infant, they observe, when all taken together, showed that she was not responsible, admitting the medicine had been furnished, without something more being proved by the plaintiff. If it had appeared in that case that the defendant had no parent, and that the medicine and attendance were furnished on her credit alone, I apprehend the plaintiff would have recovered.

Motion to set aside report of referees denied.