### BENHAM *against* BISHOP.

Where a promissory note was given, by an infant, and after he became of full age, he submitted to arbitrament the question whether he was liable on the note; it was held, that this fact did not prove, nor tend to prove, a ratification of the original contract.

The bare retention of the consideration for which the note of an infant was given, after his coming of full age, is not a ratification; nor is a mere

acknowledgment that he made the note, or that it is due, sufficient for this purpose; but there must be a promise to pay.

New-Haven,
July, 1832.

Benham
v.
Bishop.

THIS was an action of *assumpsit* on a promissory note. Plea, *non-assumpsit*.

The cause was tried at *New-Haven, January* term 1832, before *Daggett*, J.

The defence was, that when the note was made, the defendant was an infant under the age of twenty-one years. This fact was admitted by the plaintiff; but, he insisted, that after the defendant became of full age, he ratified the contract, by a new promise. In support of this fact, he offered proof of a submission to arbitrament of the question whether the defendant was liable to the plaintiff on this note. The judge instructed the jury, that this fact did not prove, nor tend to prove, a promise to pay the note, or any ratification of it.

The plaintiff then proved, that the note was given for the consideration of a piece of land, which the plaintiff's wife, a sister of the defendant, owned in 1822, and then sold to the defendant; and offered proof that he had remained in possession of it ever since. Here it was admitted, that the defendant and his sisters and their mother had remained in possession of this land, it being in common with their land, ever since the date of the note; and that the plaintiff's wife died before the defendant arrived at the age of twenty-one years, never having had a child. There was no evidence that the defendant had ever offered to surrender the land to the plaintiff. On these facts, the plaintiff prayed the judge, to charge the jury, that there was sufficient evidence of a ratification of the note. The judge did not so charge the jury, but instructed them, that the defendant's remaining in possession, under the circumstances, was not of itself sufficient evidence of a ratification; but that any words shewing it to be his intention to pay the note, would be evidence, on which they might find a promise, no particular form of words being necessary for this purpose. The cause was submitted to the jury to enquire whether there was any proof of that character.

There being no proof of a ratification, except the submission to arbitration and the defendant remaining in possession, as above stated, the jury returned a verdict for the defendant; and the plaintiff moved for a new trial for a misdirection.

*Mix*, in support of the motion, contended, 1. That the evidence introduced, by the plaintiff, to prove a ratification, ought to have been submitted to the jury, as proper evidence for that purpose, leaving them to decide upon the *sufficiency* of such evidence. The point in controversy was a mere question of *fact*.

2. That considering this as a question of law, the facts proved shew a ratification. Here it ought to be premised, first, that the note is merely voidable,—not void. 1 *Sw. Dig.* 56, 58. 2 *Kent's Comm.* 192. *Maples* v. *Wightman*, 4 *Conn. Rep.* 376. *Rogers* v. *Hurd*, 4 *Day* 57. 62. *Kline* v. *Beebe*, 6 *Conn. Rep.* 494. *Chitt. Cont.* 36. Secondly, that voidable contracts may be confirmed in three modes : 1. by *express* act ; 2. by *implication* ; and 3. *tacitly*. *Kline* v. *Beebe*, 6 *Conn. Rep.* 505. He then contended, that in this case, there was both an *implied* and a *tacit* ratification. If an infant purchase land and continue in possession after he comes of age, it is an *implied* confirmation of the contract. *Cheshire* v. *Barrett*, 4 *Mc Cord* 241. [4 *Amer. Jurist*, 361.] *Kline* v. *Beebe*, 6 *Conn. Rep.* 506. and cases cited *ibid.* And where there is an omission to disaffirm the contract within a reasonable time, there is a *tacit* confirmation. *Goode* & al. v. *Harrison*, 5 *Barn. & Ald.* 147. (7 *Serg. & Lowb.* 49.) *Holmes* v. *Blagg*, 8 *Taun.* 35. *Chitt. Cont.* 35, 6. 2 *Kent's Comm.* 195. 1 *Sw. Dig.* 58. *Kline* v. *Beebe*, 6 *Conn. Rep.* 506.

*C. A. Ingersoll*, contra, contended, 1. That the submission to arbitrament was no evidence that the defendant promised or intended to pay the note. It was not even an acknowledgment of the debt. If this fact shews any thing, it is, that the defendant then contested the plaintiff's claim, as he now does.

2. That the defendant's retaining possession of the land, was no ratification of the contract. For this purpose, there must be either an express promise, or that which is equivalent thereto. The mere *acknowledgment* of the debt, as in cases under the statute of limitations, is not sufficient ; but there must be something to shew an intention, or at least a willingness, to pay the debt. *Thrupp* v. *Fielder*, 2 *Esp. Rep.* 628. *Smith* v. *Mayo* & al. 9 *Mass. Rep.* 62. *Ford* v. *Philips*, 1 *Pick.* 202. *Thompson* & al. v. *Lay* & al. 4 *Pick.* 48. *Good-*

sell v. *Myers,* 3 *Wend.* 479. *Gay* v. *Ballou,* 4 *Wend.* 403. 405. The case of *Holmes* v. *Blagg.* 8 *Taun.* 35. which Chancellor *Kent* refers to, (2 *Kent's Com.* 193.) when he speaks of slight acts and circumstances, as being sufficient to confirm a contract made during infancy, was the case of an *executed* contract ; which stands on a different footing from that of *executory* contracts. *Kline* v. *Beebe,* 6 *Conn. Rep.* 494. was also the case of an *executed* contract. If the retaining possession of the land could be considered as a ratification of the note, the infant would be deprived of the protection which the law intended him.

New-Haven,
July, 1832.

Benham
*v.*
Bishop.

DAGGETT, J. 1. If a submission to arbitrament is any evidence against the defendant, it is certainly equal evidence against the plaintiff. If it proved, or tended to prove, any right in the plaintiff, on the ground of a ratification, it tended, in an equal degree, to destroy such right, on the ground that the defendant never did ratify. The truth is, it neither proved, nor tended to prove, any thing in the cause. It was testimony wholly immaterial ; and was very properly rejected. Even an offer of *compromise* could not be received ; and it would be strange, that an offer to submit to arbitrament should be of the least weight.

2. It is very clear from all the authorities, that the note of an infant cannot be ratified, by merely acknowledging that he made it, or that it is due. Unlike an admission of a debt barred by the statute of limitations, which has been held to remove the bar and authorise a recovery, in the case of the note or bond of the minor, there must be a promise to pay, when of full age. *Thrupp* v. *Fielder,* 2 *Esp. Rep.* 268. *Smith* v. *Mayo* & al. 9 *Mass. Rep.* 62. *Ford* v. *Phillips,* 1 *Pick.* 202. *Thompson* & al. v. *Lay* & al. 4 *Pick.* 48. *Goodsell* v. *Myers,* 3 *Wend.* 479. *Gay* v. *Ballou,* 4 *Wend.* 403. In consideration of law, the infant has no discretion. When that disability is removed, by full age, he may bind himself, by a new contract.

But it is said, that the bare retention of the consideration for which the note was given, after he arrived at full age, will be a ratification of the contract made when a minor. It will be difficult to support this proposition, by any authorities. The learned author of *Domestic Relations* (pages 243 to 249.) says,

*New-Haven,*
*July, 1832.*

Benham
*v.*
Bishop.

though he admits that the current of *English* authorities is the other way, that if a party avoids a note made when a minor, he shall be liable to an action for the property, for which the note was given.    This principle, surely, admits, that the note may be avoided, though the property for which it was given is returned ; and as expressed by the learned court in *New-York,* it is difficult to see what protection infancy is, if it only changes the form of attack from an action on contract, to one in tort for the consideration.    *Roof* v. *Stafford,* 7 *Cowen,* 179. 182.

An infant buys a horse, carriage, or a farm of land, gives his promissory note for the price, and upon his coming of full age, does not return the property, nor offer to return it.    To a suit on the note, he pleads infancy, and a new promise is replied ; will that evidence support the issue ?

I am aware, that different considerations may be applied to an *executed* contract.    The cases cited, by the counsel for the plaintiff, are all of that character.    It is necessary to show some principle or authority in support of the idea, that an *executory* contract of an infant can be enforced against his plea of infancy, on the ground, that the consideration of the contract was not restored, by him, when of age, nor an offer made to restore it, under circumstances like those which exist in this case.    That, it is believed, cannot be done.

The motion, therefore, must be denied.

The other Judges were of the same opinion.

New trial not to be granted.