## ACKERMAN *a.* RUNYON.

*New York Common Pleas; General Term ; May,* 1856.

### INFANCY.—ADMISSIONS.—PROMISE.

In an action brought to recover upon transactions had with the defendant during his infancy, the *admissions* of defendant are admissible to show the transactions relied upon, notwithstanding those admissions were made before he attained his majority.

What promise after majority to pay a debt contracted before it, will suffice to charge the defendant.

Appeal from a judgment upon the report of a referee.

BRADY, J.—The referee found that the sum of $122 was lent to the defendant between January, 1851, and April 2, 1852. That during that period the defendant was an infant, and that after his arrival at the age of twenty-one years, he promised to pay the sum so found to be due.

The defendant insists that the finding by the referee of the amount due is not sustained by the testimony. That the only testimony on that subject is an admission made by the defendant while an infant that the account of the plaintiff which he examined was correct. And that such an account stated is not evidence against him after his maturity, even to show that he was supplied with necessaries. The case of Ingledew *v.* Douglass (2 *Starkie's R.*, 33) sustains this view. Lord Ellenborough at first doubted whether the statement was not evidence to show that necessaries had been supplied, but after consideration, was of the opinion that the statement of the account

by the infant could not be used against him.   No reasons are assigned in the report, and what influenced the change in Lord Ellenborough's opinion does not appear.   The question has not been expressly adjudicated in this State, but I think may be considered settled on principle and by analogy.

In the case of Gray *v.* Ballou, (4 *Wend.*, 403), the plaintiff proved the value of the board charged against the defendant during infancy, and examined several witnesses as to items in the bill of particulars.   It was also proved that prior to the defendant's majority, he was furnished with a bill of the charges of the plaintiff; that he examined it, said he did not know but it was right, but he should like to have advice and consider it.   He made no objections to pay any item in it. The bill so furnished corresponded with the bill of particulars. The proof as to promise was, that the defendant had declared that he was willing to settle with the plaintiff and pay him what he owed him, *if anything*.   The court held that the admissions of the defendant afforded sufficient evidence that the items of the plaintiff's account were paid or furnished at his request.   It is true that the court held that an express promise need not be proved in order to render an infant liable for necessaries, and that if the demand is not for necessaries, and the issue made upon a new promise after maturity, an express promise must be proved, but that does not affect the immediate question under consideration.   The only admissions relating to the *items* of the plaintiff's account were made prior to full age, and they, united with the promise to pay *if he owed anything*, were considered sufficient to charge him.

This case, in that respect, is stronger than the one referred to.   The account was admitted by the defendant during minority to be correct, without qualification, and the subsequent promise after he became of age, to pay what he owed, is free from any hypothesis.

Again, in the case of Haile *v.* Leillie, (3 *Hill*, 149), Leillie, an infant, sued Haile for work, &c. On the trial evidence was given tending to show that a settlement had taken place between the parties, but the defendant insisted that no such settlement had taken place, and offered to prove the fact by the *admission of the plaintiff*.   The testimony was rejected, but

the judgment was reversed; Chief Justice Nelson declaring "that the admissions of the plaintiff were evidence against him, though the admissions of an infant may frequently be controlled by the infant's incompetency to bind himself by contract;"—and again, that "the only privilege of an infant who has arrived at years of discretion, even in civil cases, is an exemption at common law *from liability* upon most of his contracts. Independently of this privilege, he stands in court upon the footing of an adult." This is undoubtedly the correct doctrine. The admissions of an infant are evidence against him for certain purposes, although such admissions do not create any liability. The mere admission of the correctness of the account would establish only that the plaintiff and defendant had transactions together, and that the result of such transactions left a balance due to the plaintiff without increasing the defendant's liability to pay it. Without a promise to pay after maturity the admission would be wholly immaterial for any purpose. There is no difference in principle between an admission of the correctness of an account and any admission affecting a material fact, such as the denial of a settlement by the infant between him and his employer, the only object of which would be to show that the balance struck was not agreed upon. I can discover no reason why an admission by an infant of discreet years of the correctness of an account should not be admitted, to show the inchoate debt which became absolute by promise after maturity. The referee's finding, therefore, on that question, must not be disturbed.

The defendant also excepts to the finding of the referee that the defendant promised, after his maturity, *to pay the account*, which he admitted to be correct; but the conclusion of the referee on that subject must be upheld. The promise to pay was made in July or August, 1852. The promise was an express one, more express indeed than the promise proved in Gay *v.* Ballou *supra*, and yet that was held sufficient. In Bigelow *v.* Gramius, (2 *Hill*, 120), the promise was made to a stranger, and the court held that it must be made to the plaintiff or his agent. The same doctrine was declared in Goodsell *v.* Myers, (3 *Wend.*, 481), but of the sufficiency of the promise no doubt was expressed. In neither of these cases was

the promise express, though given to a stranger, and was not therefore so legally formidable as the promise proved herein. There is no reason for interfering with the report of the referee.

I considered, during the argument of this appeal, and have not changed my opinion since, that the only question of any importance was whether the debt was sufficiently proved. I am satisfied that it was, for the reasons stated, and think the judgment is right and should be affirmed.

Judgment affirmed.