## JOHN ACKERMAN *v.* JOHN RUNYON.

In an action to recover for money lent to the defendant while an infant, his admissions of the amount received by him, though made during his infancy, are admissible as evidence of the sum loaned.

The promise of the defendant, after attaining his majority, to pay the plaintiff what he owed him, is a sufficient promise to charge him with the indebtedness, although nothing was said at the time about the amount due.

What promise, made after majority, to pay a debt previously contracted, is sufficient to charge a defendant—considered.

APPEAL by defendant from a judgment entered on the report of a referee. This action was to recover for money lent. The defendant pleaded infancy. The cause was referred, and the referee found that the plaintiff had lent money to the defendant to the amount of $122; that at the time it was lent the defendant was an infant, but that after he became of age he admitted the indebtedness, and promised to pay it. The report was in favor of the plaintiff for the sum of $122, with interest. The evidence of indebtedness consisted of the defendant's admissions while an infant. Subsequent to his becoming of age, he said to the plaintiff's salesman that he would pay the plaintiff what he owed him, but nothing was said as to the amount. This was the proof of a promise to pay, upon which the plaintiff relied to sustain a recovery.

*J. O. Halsted*, for the appellant. I. The only attempt to prove indebtedness is by an admission of the defendant while an infant. This is not competent, even to show that he was supplied with necessaries. *Ingleden* v. *Douglas*, 2 Starkie R. 36; *Trueman* v. *Hunt*, 1 T. R. 40; 4 C. & P. 104.

II. No admission or promise by the defendant, amounting in law to a ratification, is proven. 1. There should be an admission of the whole debt, and a promise to pay it. *Goodsell* v. *Meyer*, 3 Wend. 479; *Gay* v. *Ballou*, 4 ibid. 405; *Smith* v. *Mayo*, 9 Mass. R. 84; *Thompson* v. *Lay*, 4 Pick. 48; 8 N. H. R. 376.

2. Where the defence is infancy, there must be an express rati-
fication.   *Tibbatts* v. *Gerrish*, 5 Porter N. H. R. 48; *Sherman*
v. *Wakeman*, 11 Barb. 254; *Bigelow* v. *Grannis*, 2 Hill, 120.
3. The promise proved was at most a conditional one, and the
burthen rested upon the plaintiff to prove *aliunde* the correct-
ness of his account.   *Miller* v. *Hewtell*, 19 Wend. 301; *Wright*
v. *Steele*, 2 N. H. R. 52; *Quailes* v. *Littlepage*, 2 H. & M. 401;
*Douglass* v. *Dane*, 2 McCord, 219; 6 Conn. R. 494; 2 C. & P.
109; 9 Mass. R. 84; 9 Verm. R. 365.

*J. F. Bowman*, for the respondent.

BRADY, J.—The referee found that the sum of $122 was lent
to the defendant between January, 1851, and April 2d, 1852.
That during that period the defendant was an infant; and that
after his arrival at the age of twenty-one years he promised to
pay the sum so found to be due.

The defendant insists that the finding by the referee of the
amount due is not sustained by the testimony; that the only
evidence on that subject is an admission made by defendant
while an infant, that the account of the plaintiff which he ex-
amined was correct; and that such an account stated is not evi-
dence against him after his maturity, even to show that he was
supplied with necessaries.   The case of *Ingledew* v. *Douglass*
(2d Starkie Rep. 33) sustains this view.   Lord Ellenborough at
first doubted whether the statement was not evidence to show that
necessaries had been supplied, but, after consideration, was of
the opinion that the statement of the account by the infant could
not be used against him.   No reasons are assigned in the report,
and what influenced the change in Lord Ellenborough's opinion
does not appear.   The question has not been expressly adjudi-
cated in this state, but I think may be considered settled on
principle and by analogy.   In the case of *Gay* v. *Ballou* (4
Wend. 403), the plaintiff proved the value of the board charged
against the defendant during infancy, and examined several wit-
nesses as to items in the bill of particulars.   It was also proved

that, prior to the defendant's majority, he was furnished with a bill of the charges of the plaintiff; that he examined it; said he did not know but that it was right, but he should like to have advice and consider it. He made no objections to pay any item in it. The bill so furnished corresponded with the bill of particulars. The proof as to the promise was, that the defendant had declared that he was willing to settle with the plaintiff, and pay him what he owed him, *if anything*. The court held that the admission of the defendant afforded sufficient evidence that the items of the plaintiff's account were paid or furnished at his request. It is true, the court decided that an express promise need not be proven in order to render an infant liable for necessaries; and that if the demand is not for necessaries, and the issue made upon a new promise after maturity, an express promise must be proved; but that does not affect the immediate question under consideration. The only admissions relating to the *items* of the plaintiff's account were made prior to full age, and they, united with the promise to pay *if he owed anything*, were considered sufficient to charge him. This case, in that respect, is stronger than the one referred to. The account was admitted by the defendant, during minority, to be correct, without qualification, and the subsequent promise, after he became of age, to pay what he owed, is free from any hypothesis.

Again, in the case of *Haile* v. *Lillie* (3 Hill, 149), Lillie, an infant, sued Haile, for work, &c. On the trial evidence was given tending to show that a settlement had taken place between the parties, but the defendant insisted that no such settlement had taken place, and offered to prove the fact by the *admission of the plaintiff*. The testimony was rejected, but the judgment was reversed—Chief Justice Nelson declaring that " the admissions of the plaintiff were evidence against him, though the admissions of an infant may frequently be controlled by the infant's incompetency to bind himself by contract." And again, " The only privilege of an infant, who has arrived at years of discretion, even in civil cases, is an exemption at common law *from liability* upon most of his contracts. Independently of this

privilege, he stands in court upon the footing of an adult." This is undoubtedly the correct doctrine. The admissions of an infant are evidence against him for certain purposes, although such admissions do not create any liability. The mere admission of the correctness of the account would establish only that the plaintiff and defendant had transactions together, and that the result of such transactions left a balance due to the plaintiff without increasing the defendant's liability to pay it. Without a promise to pay after maturity, the admission would be wholly immaterial for any purpose. There is no difference in principle between an admission of the correctness of an account and any admission affecting a material fact, such as the denial of a settlement by the infant, between him and his employer, the only object of which would be to show that the balance struck was not agreed upon. I can discover no reason why an admission, by an infant of discreet years, of the correctness of an account, should not be permitted to show the inchoate debt, which became absolute by promise after maturity. The referee's finding, therefore, on that question must not be disturbed.

The defendant also excepts to the finding of the referee, that the defendant promised to pay the account after his maturity, which he admitted to be correct, but the conclusion of the referee on that subject must be upheld. The promise to pay was made in July or August, 1852. The promise was an express one; more express, indeed, than the promise proved in *Gay* v. *Ballou, supra*, and yet that was held sufficient. In *Bigelow and others* v. *Grannis* (2 Hill, 120), the promise was made to a stranger, and the court held that it must be made to the plaintiff or his agent. The same doctrine was declared in *Goodsell* v. *Myers* (3 Wend. 481), but of the sufficiency of the promise no doubt was expressed. In neither of these cases was the promise express, though given to a stranger, and it was not therefore so legally formidable as the promise proved here. There is no reason for interfering with the report of the referee.

I remarked during the argument of this appeal, and have not changed my opinion since, that the only question of any im-

portance was, whether the debt was sufficiently proved? I.am satisfied that it was, for the reasons stated, and think the judgment is right, and should be affirmed.

Judgment affirmed.