## SWASEY *against* THE ADMINISTRATOR OF VANDERHEYDEN.

THIS was an action of *assumpsit*, brought on the following note, given by the intestate, in his lifetime. "*February* 18th, 1810, for value received for boarding, I promise to pay *Ralph Day*, or bearer, one hundred and fifteen dollars, by the first day of *June* next." The defendant pleaded the general issue, and the infancy of the maker of the note. The plaintiff replied, that the note was given to the payee, for necessary boarding, lodging and washing, furnished by him to the intestate, in his lifetime. The defendant rejoined, that the note was not given for *necessaries*, &c. and issue was joined thereon.

At the trial it was proved that the intestate was an infant when he gave the note. It was contended by the plaintiff's counsel, that the note having been negotiated and transferred to the plaintiff, the consideration could not be inquired into, or impeached on

<div align="right" style="font-style:italic">
ALBANY,<br>
Jan. 1813.<br>
〰〰<br>
SWASEY<br>
v.<br>
ADMINISTRA-<br>
TOR OF VAN-<br>
DERHEYDEN.
</div>

<div align="right" style="font-style:italic">
A negotiable<br>
note given by<br>
an *infant*, even<br>
for *necessaries*, is void.
</div>

ALBANY,
Jan. 1813.

SWASEY
v.
ADMINISTRA-
TOR OF VAN-
DERHEYDEN.

the ground of infancy. The judge ruled that the note was not conclusive. The payee was then called as a witness, and testified, that the intestate boarded and lodged with him for nine months, at the rate of one hundred dollars *per annum;* that besides the boarding, the witness had a large account against the intestate, for liquors furnished him, and for horse hire, and a saddle worth 15 dollars, sold to him. The witness had received considerable payments from the intestate, and the note was given for the balance of the account. The intestate became of age a few months after it was given.

The judge charged the jury, that the plaintiff was entitled to recover for the 9 months board, at the rate of 100 dollars *per annum;* and for the saddle, but that the residue of the account ought to be rejected. The jury found a verdict for the plaintiff for 90 dollars, subject to the opinion of the court on a case, containing the facts above stated; which was submitted to the court without argument.

*Per Curiam.* A negotiable note given by an infant, even for necessaries, is void. This we consider to be the law, and it is the opinion of respectable writers. (*Chitty on Bills,* 20. 1 *Campb. N. P.* 553. note.) The reason given is, that if the note be valid, in the first instance, as a negotiable note, the consideration cannot be inquired into when it is in the hands of a *bona fide* holder, and the infant would thereby be precluded from questioning the consideration. For the same reasons it has been held, (1 *Term Rep.* 40.) that an infant cannot state an account, as that would preclude him from investigating the *items.* It has also been held, (1 *Campb. N. P.* 552.) that he cannot accept a bill of exchange for necessaries. Under the general issue, the defendant is accordingly entitled to judgment; and the plaintiff would even have failed on the other ground taken at the trial, for only part of the note was for necessaries.

Judgment for the defendant.

This case is overruled in Goodsell v. Myers 3 Wend. 479 —