Sewall, J.,
delivered'the opinion of the Court.
There is already a decision of this Court, in an action against the executors of James Weeks, that the reservation for his just debts, annexed to the residuary devise of all his estate, real and personal, in his last will, is not to be considered as a recognition, or promise of payment, of any particular debt; and that the plea or objection of infancy, to which any particular demand may be liable, remains open to them in point of law. (1) And whatever our opinion may be of the good conscience or equity of such defence, or its consistency with a decent regard to the memory of their testator, we adhere to that decision, (a)
In the case at bar, the objection of infancy is made by the executors to the demands of the present plaintiff, one of which is upon a promissory note given by James Weeks, and the other upon his receipt, as a factor and consignee of the plaintiff, for an adventure of codfish intrusted with the testator, to be carried to Charleston, and there sold for the benefit of the plaintiff; Weeks promising to account for the same, and to pay over the proceeds, deducting half the profits. And it is proved that James Weeks, although, at the time he made these promises, and obtained this confidence and credit, he was in active business and in full employment, as the master of a vessel, yet that he was in fact about six months short of twenty-one years of age.
As a line must be drawn somewhere for the protection of infants, and as we know of no authority or decision [ * 140 ] * where the established age has been departed from, we must yield to this evidence, and although reluctantly in this case, as these demands are not for necessaries, but arose in the course of business, we must consider James Weeks, or rather his executors, (acting reproachfully to his memory, and contrary to what we must believe would be his feelings and disposition in answering these demands,) entitled to the defence of infancy; unless it is repelled by the other circumstances proved in the case. (2)
There is no question but that a promise made by an infant may *147 be renewed by him after he comes of age, in a manner that shall make him liable as upon a promise made when of full age. But the counsel for the defendants contends that nothing short of an express promise is to have this effect; and that, in the case at bar, the facts stated or proved do not amount to an express promise. It seems to be stated by the later authorities, that a bare acknowledgment of the debt, or an admission of the consideration upon which the promise, while an infant, is alleged to have been made, or to have arisen by implication of law, is not sufficient in a case of this kind; as it is where the statute of limitations is pleaded, and the plaintiff replies a promise within six years. (3)
But in the case at bar, James Weeks, after he came of age, and when called upon by the plaintiff for payment of his demands, answered, in one instance, speaking to the plaintiff and another creditor, “ When J return from this voyage, 1 will pay you both; ” and, in another instance, that he had not the money then, but, when he should return from the voyage, he would settle with the plaintiff. It is admitted that there were no other dealings or demands between them. Now, upon any reasonable construction, it seems to be unquestionable that James Weeks, in these declarations made to the plaintiff himself, had an immediate reference to the demands now in controversy; and there is an express promise of payment, or of a settlement, which is the same thing. He assigned a reason, indeed, for not paying or settling * at that time, and [ * 141 ] therefore postponed the performance of his promise until his return from the voyage on which he was then bound. But this was not a condition annexed to the promise. It is rather to be considered as a request of forbearance for the time proposed.
Upon the whole, our opinion is, that, independently of the will, which may be considered as irrelevant, the jury had sufficient evidence of a promise by James Weeks, after he came of age, to answer and pay the plaintiff’s demands; which are sufficiently proved by the other evidence in the case. Certainty to a common intent is sufficient, where an express promise is to be proved. (4)
A question as to the form of declaring is waived, and judgment is to be entered according to the verdict, (c)
*149 ADDITIONAL NOTE.
[A and B being partners, and A an infant, B, in the name of the firm, assigned all their property in trust for their creditors, and delivered it to the assignee. A ratified the assignment, but, on coming of age, brought trespass against the assignee. Held, the action did not lie__Furlong vs. Bartlett, 21 Pick. 401.
A negotiable note made by an infant is only voidable, not void; and if, after coming of age, he promise the payee that it shall be paid, the latter may transler it, and the holder bring an action in his own name against the maker. — Reed vs. Batch-elder, 1 Metc. 559. — Everson vs. Carpenter, 17 Wend. 419.
But see M 'Minn vs. Richmonds, 6 Yerg. 1.
An infant purchased a yoke of oxen, tor which he gave his negotiable note, and, after coming of age, converted them to his own use, and received the avails of them. Held, an indorsee of the note should recover against the maker. —Lawson vs. Love-joy, 8 Greenl. 405. — See Dana vs. Coombs, 6 Greenl. 89. — Thing vs. Libbey, 4 Shepl. 55. — Bigelow vs. Kinney, 3 Verm. 353. — Cohen vs. Armstrong, 1 M. S. 724. — Sellars vs. Davis, 4 Yerg. 503.
An action upon the promise of an infant cannot be sustained, by proof of a new promise, made after he has come of age, and after the commencement of the suit. — Merriam vs. Wilkins, 6 N. H. 432. — Thornton vs. Illingworth, 4 D. R. 545.
In Vermont it is held, that every contract of an infant, merely voidable, will bind him after he comes of age, unless he disaffirm it in reasonable time. — Richardson vs. Boright, 9 Verm. 368. — 4 Yerg. 503.
But the Supreme Court of the United States has held, that even a voluntary and deliberate recognition, after coming of age, of a conveyance made before ; or a mere acquiescence for several months; does not necessarily amount to a confirmation of such conveyance. — Lessee, &c., vs. Moreland, 10 Pet. 59. — See Guin vs. Shaeffer, 7 Watts, 412. — Bool vs. Mix, 17 Wend. 119. — 2 Dev. & B. 320.
So in Connecticut, where a note was given by an infant, and, after coming of age, lie left to arbitration the question of his liability thereupon; held, this fact did not prove or tend to prove a ratification of the note. — Benham vs. Bishop, 9 Conn. 330. In the same state it is held, that the mere retention of the consideration of a note after coming of age, or an acknowledgment of giving it, or of its being due, is not a ratification. There must be an express promise to pay. — Ibid. — Wilcox vs. Roath, 12 Conn. 550.
To show affirmation of a usurious contract, made by an infant, after he comes of ace, the evidence must be express, and not matter of inference or construction. — Millard vs. Hewlett, 19 Wend. 301
To the defence of infancy, made m a suit upon a note, the plaintiff replied a new promise, and proved a promise to one who was then the plaintiff’s attorney in another action, but had never been employed in this. Held, it was a promise to a stranger, and the replication insufficient. — Bigelow vs. Grannis, 2 Hill, N. Y. 120.
A deed of bargain and sale made by an infant is avoided, by his executing, after he comes of age, another like deed to another person. — Hayle vs. Stowe, 2 Dev. & B. 320. — F. H.]

 9 Mass. Rep. 62. — Smith vs. Mayo & Al., Exrs.

 [Jackson vs. Mayo, 11 Mass. Rep. 147. It is said to have been decreed in chancery, that, if an infant borrow a sum of money, for which he gives a bond, and devises his personal estate, being of sufficient capacity for the payment of his debts, particularly those he had set his hand to, this bond debt shall be paid.— Eq. Cas. Ab 282.— Bing, Inf 55. — Harrison vs Lady Sidenham, Nels. Ch. R. 55.— Ed.]

 3 Caines's N. Y. Rep. 323.

 1 Strange, 690.—1 Lord Raym. 389, 421. — 5 Esp. Rep. 102.

 Com. Dig., Assumpsit, A, 4.-— Cro. Eliz. 149.

 [The promise was to pay when he should return from the voyage; but he died at sea before his return. The event on which he promised to pay never happened. Why should the promise be enforced before the happening of the contingency upon which payment was to be made ?— Cole, Exr. of Cole, vs. Saxby, 3 Esp. N, P. 159. — Cutter vs. Powell, 6 D. & E. 320. — Roberts vs. Peake, 1 Bur. 323. — Hylcing vs. Hastings, 1 Lord Raym. 389, 421.— Green vs. Parker, 1 Esp. Dig. 198, S. C. — Peake, Ev. 297, Amer. ed. 435. — Thrupp vs. Fielder, 2 Esp. 628. — Thomson & Al. vs. Lay, 4 Pick. 48. — But see the remarks of the C. J. Parker, in the case last cited upon the case in the text. In Jackson vs. Mayo Al., (11 Mass. Rep. 147,) the proof was, that *148 the testator, after he was of age, on being requested to pay, said, “it was inconvenient at that time, but that he intended to sell his cargo for cash, and to proceed to the Bay of Honduras, and that, on his arrival there, he should pay the plaintiff.” It was held, that this evidence did not prove an express promise, and was insufficient to maintain the declaration on the original promise. But it was said that a general indebitatus assumpsit', for money received for the use of the plaintiff, might be maintained, as there was enough proved to revive the debt, to establish the consideration upon which the 'aw would imply a promise to the party injured., It is well settled, however, that, in the case of an infant, the law will not imply a promise, except for necessaries. And no recognition, after coming of age, of a debt contracted during infancy, will avail, unless accompanied with an express promise to pay. And in this case the promisor is bound only on the ground of his taking upon himself a new liability, upon a moral consideration existing before; and he will not be bound beyond the extent of the new promise. If he promise to pay half a crown in the pound on the whole debt, he is not liable beyond that sum. If he promise to pay when able, some proof must be given of his ability to pay. — Green vs. Parker, Thrupp vs. Fielder, Cole vs. Saxby, ubi sup. — Thornton vs. Illingworth, 2 Barne & Cresw. 824. — 2 Stark. Ev. 725. — Roscoe Ev. 197. — Peake, Ev. 435. — Baylis vs. Dinely, 3 M. & S. 477. — Homer vs. Killing, 5 Esp. 103. — Brooke vs. Gally, 2 Atk. 34. — Cohen vs. Armstrong, 1 M. & S. 724. — And the promise must be made before the commencement of the action. — Thornton vs. Illingworth, ubi sup — Ford vs. Phillips, 1 Pick. 202. — And it seems that the act, engagement, or contract, in confirmation, to be binding, must, in general, be of as great solemnity, and of as high authority in law, as the original act, engagement, or contract. — Baylis vs. Dinely, 3 M. & S. 477.—Jackson vs. Burchin, 14 Johns. Rep. 124. — And the same evidence should be required, to avoid or confirm a contract of an infimt, as of the execution of a new contract. — Rogers vs. Kurd, 4 Day. R. 57. — In Whiling & Al. vs. Dutch Al., (14 Mass. Rep. 457,) the proof was that Green, one of defendants,' after coming of age, said the promissory note declared on was due, and that he would endeavor, on his return to Eastport, where he resided, to procure the money, and send it to the plaintiffs. This was held to be “sufficient to satisfy the jury that he assented to and ratified the original promise.” Parker, C. J., in delivering the opinion of the Court, said, “ The terms of ratification need not be such as to import a direct promise to pay. All that is necessary is, that he expressly agrees to ratify his contract; not by doubtful acts, such as payment of part of the money due, or the interest, but by words oral, or in writing, which import a recognition, and a confirmation of his promise.” It is, indeed, sufficient if he ratify his promise; but the ratification can only be by a new, direct, and express promise. “I remember,” said Lord Ellenborough, “ that the form of the replication used to be, that he promised after he became of age; ” and, strictly speaking, that is the more correct form; for no person ever ratifies in words his former promise, but he makes a new promise. — Copen vs. Armstrong, ubi sup. — And in Fori vs. Phillips, ubi sup., Putnam, J., says, “ a direct promise is necessary.” In the case last cited, the proof was, that “ the defendant said he owed the plaintiff, but was unable to pay him ; he would, however, endeavor to get his brother to be bound with him. And he said something about appointing a day to meet the plaintiff, or his attorney, for the purpose of adjusting the debt in that way.” This case was made to turn principally, however, on the point, that no promise was made until after the commencement of the suit. But, in this view of it, it stands directly opposed to Badger vs. Phinney, 15 Mass. Rep. 365.— In Barnaby vs. Barnaby, (1 Pick. 221,) a letter from an heir, after coming of age, enclosing money, and saying, “You will find the enclosed sum in part towards your right of dower; the remainder I shall forward you in a few days. It was entirely unexpected to me that it was not paid before, as I had lodged property in A’s hands to meet an annual payment,”—was held a ratification of an award on a subscription by guardian that the infant heir should pay an annuity to the widow in lieu of her dower. In this case, however, the heir accepted the estate assigned to him free of dower, and entered into the possession and enjoyment of it. — See Curtin Al. vs. Patton Al., 11 Serg. k Rawl. 305.
In every instance of a continuing contract voidable only by an infant on coming of ave, the infant is bound to give notice of disaffirmance of such contract in a reasonable time; and, when he did not give such notice in four months after his attaining his majority, it was held not to be a reasonable time. — Holmes vs. Blogg, 8 Taurt 40. — Ed.]