Green, J.
delivered the opinion of' the court.
This bill is filed by complainant, praying that two notes under seal executed by him to the defendants, shall be given up to him because they were executed when he was an infant. The defendants resist the prayer of complainant’s bill, alleging, 1. That complainant was not in fact an infant when he executed the notes. 2. That complainant was guilty of a fraud in representing himself as an infant, and therefore not entitled to relief. 3. That the notes are voidable only, and not void. 4. That a court of equity has no jurisdiction to order a note executed by an infant to be delivered up.
*18 1. As to the first question there can be no doubt. Both . ? the parents prove that he was bom the 4th July, 1807. The notes bear date 14th September, 1827. The bill however admits that they were antedated, and the answer expressly alleges that they were executed about four months after M’Minn set in to study with defendants, and were antedated to the time when he set in, so that they were executed four months after the 14th of September, 1827, which would fix the time of their execution the 14th of January, 1828, nearly six months before the complainant became of age. Johnson’s evidence is entitled to no weight. He left Richmond’s the 20th of July, 1828, and says it was but a short time before, that complainant showed him the writings between himself and the Richmonds, and told him he had executed his notes. This witness is too indefinite as to the time complainant showed him the writings, for any reliance to be had upon his evidence; add to which, he does not state how long the writings were executed before they were shown him by complainant. Taking therefore the time of his birth as being proved by the complainant’s parents, the admissions in the defendant’s answer «prove that the notes were executed while the complainant was an infant.
2. The allegation that the complainant represented himself to be of full age at the time the notes were executed, is wholly unsupported by the proof; so that the question of fraud would not have been raised, even had the defendant’s answer sufficiently charged it.
3. We next come to consider whether these notes are absolutely void, or whether they are only voidable.
In determining this question, it is agreed on all hands that the rule ought to be adopted which would be most beneficial to infants. This was the principle upon which this court proceeded in the case of Wheaton vs. East. 5 Yerg. Rep. 1. In that case the court adopted this general rule, “That when it can pronounce the contract to be to the infant’s prejudice, it is void, and when to his *19 benefit, as for necessaries, it is good; and when the contract is of an uncertain nature, as to benefit or prejudice, it is voidable only, at the election of the infant.” Bills single and bonds under seal are made negotiable by the act of 1786, ch. 4. The maker of a negotiable instrument is liable to an action at the suit of an endorsee, in which the amount of the original debt cannot be disputed. Chitty on Bills, 16, 17, notes, and 67, 68, 183: 1 Campbell, 553, notes. Now, in voidable contracts of an infant, he may elect when of full age to affirm or dis-affirm them, as may seem most for his benefit. And were bills single not negotiable, so that upon the plea of infancy the consideration could be enquired into, and if for necessaries, the reasonableness of the price could be examined, and a judgment rendered for such amount as should seem reasonable, then it might well be insisted that when executed by infants they are voidable only. But by a rule of law in reference to negotiable instruments when in the hands of" an endorsee, the consideration cannot be gone into, and consequently, unless they are held to be absolutely void when executed by an infant, he would constantly be liable to be imposed upon by unprincipled ahd designing men, who would procure his notes and immediately negotiate them.
Let us apply to this case the principle adopted in Wheaton against East, “that when the court can pronounce a contract to be to the infant’s prejudice, it is void,” and it will be seen that this must be so considered. An infant can scarcely ever be benefited by the execution of his note or bill single; but from the nature of the instrument and its legal incidents, and the habits of the country, he will almost universally be prejudiced thereby, unless the courts hold such notes or bills single void.
Following, therefore, the current of authorities upon this subject, we adjudge a negotiable instrument executed by an infant void. 1 Campb. 553, note: 10 John. 33: 9 Mass. Rep. 100: 3 N. Hamp. Rep. 348.
*20 These bills single being void, this court has jurisdiction to order them to be delivered up. 1 Maddox 226-7-8: Mar. & Yerg. 383: 2 Yerg. 524: 1 Jh. Ch. Rep. 517.
Although the notes are void, the complainant is liable to pay the defendants a reasonable price for the board, lodging and instruction he obtained from them, and therefore the court below rightly adjudged such reasonable compensation to be paid by him. Let the decree be affirmed, and the costs to be paid as directed in that decree.
Decree affirmed.*

 The court afterwards remanded the cause for an issue to be made up 4o try what was reasonably due to defendant.