By the Court,

Cowen, J.
According to the concurrent testimony of both his father and mother, the defendant would not have been of age till a few days after the date of the notes. But taking the age mentioned in the indenture, and as then stated by both the father and defendant himself, he had been of age some time before.
There can not be a doubt that the indenture and the statement then made by the father, were both admissible as affecting his credibility on the particular point of the defendant’s age; and it was introduced with the proper preliminary question to the witness, whether he had made the indenture and the representation about to be imputed to him. He answered with such explanations as occurred to him. Here was all the precaution required in this kind of examination by the Queen’s case and others (1 Phil. Ev. 29, 47th ed. 2 Brod. & Bing. 286, 315; Angus v. Smith, 1 Mood. & Malks. 473, 4); and the jury had a right to regard him as utterly discredited. To this was added the defendant’s own admission at the time of the execution of the indenture. True, his mother, who was eminently qualified to speak to his age, concurred with the father as he had fixed the age on the trial. But had the jury disregarded both, on the question being fairly left to them, we can hardly say that we should have been bound to interfere as on a finding against the weight of evidence. The learned judge, however, seems to have assumed that the want of age was well proved, and to have drawn the attention of the jury to the single question, whether a subsequent promise had been established. '
I pass over the charge, so far as it respected the want of knowledge to the infant of his legal rights, because nothing apppears that he was igno[422] rant of those rights either in fact or in law.
The judge was clearly correct in charging, that the note was merely voidable and not void, and that, therefore, it could be made available by a new promise. The promise, however, should either be absolute, or if conditional, the performance or happening of the condition, should be proved affirmatively by the plaintiff. In this case, I can perceive no evidence that the defendant did more than promise to pay on his becoming able to do so-; nor is any thing more insisted on. The plaintiff’s counsel thinks the jury *239 were warranted to draw the inference of ability from the fact of the defendant having a sign of business over his door when the notes were first demanded. For aught'that appears, however, it was but a mere sign, and even that was shortly afterwards taken down. Such a circumstance is too slight to raise a question for the jury. Yet this seems to have been the only question submitted to them. We think it should rather have been withdrawn, and their attention turned entirely to the fact of infancy at the time when the notes were executed. Therefore, there should be a new trial, the costs to abide the event.