ROWLAND G. HAZARD *v.* NEW YORK, BOSTON, & PROVIDENCE RAIL ROAD CO.

Where depositions are taken under the statute in the absence of the adverse party, it is competent for the adverse party to put in proof of contradictory statements made by the witness without previously interrogating him as to such statements.

On the trial of this case, the plaintiff read the deposition of a witness taken in New York in the absence of the defendant and without notice to him. To discredit this testimony the defendant offered proof of statements made by the deponent different from the statements in his deposition. The counsel for the plaintiff objected that the proof of a discrepancy in the deponent's statements was inadmissible without first questioning him thereon and giving him an opportunity to explain it, and that the fact that the deposition was taken in the defendant's absence would not vary the rule, because, the place of caption being more than one hundred miles from the place of trial, the defendant had not been deprived of his right of cross-examination, because by statute he was not entitled to such right.

*Per Curiam.* (GREENE C. J. & BRAYTON J.) It is un-

doubtedly the general rule that the sworn testimony of a witness cannot be discredited by proof of contradictory statements, unless his attention has first been directed to them and opportunity given him to explain them. But the question is whether this is an inflexible rule. In this case the defendant was not present at the taking of the deposition and had no notice of it. He could not cross-examine the witness and was deprived of this advantage without any fault on his part. If he has no right to show that the witness has contradicted himself, he loses an important right without any fault of his, and to establish such a rule would hold out inducements to parties to take advantage of the absence of the adverse parties to take their testimony. We do not think the rule of law referred to is so inflexible as to require this.

HAILE J., *dissentiente.*

*Whipple & Potter* for the plaintiffs.

*Dixon & Updike* for the defendants.

NOTE. In the Queen's case, (2 Broderip & Bingham 298-310), the Judges in the House of Lords laid it down as an invariable rule of practice, in the Courts below, that a witness could not be discredited by proof of contradictory declarations without having been previously examined as to such declarations; and stated as the reason of the rule, that a different practice would have an unfair effect upon the credit of the witness and deprive him of that reasonable protection which it was the duty of the Court to extend· See, also, 1 Starkie 184, 17 Wendell 419, 11 Gill & Johns. 28. In McKinney v. Neil, (1 McLean 540), at the Circuit Court in Ohio, Justice McLean recognized the English rule as the settled law, but admitted evidence of contradictory statements to discredit a witness, whose deposition taken *ex parte* under an act of Congress was read, in deference to the practice of that State, though he intimated that the strict rule would require the party to move for a continuance in order to examine the deponent as to the statements, by which it was sought to discredit him. But in Tucker v. Welsh, (17 Mass·

160), the Court held that the credit of a witness might be impeached by showing that he has made a different statement out of Court, either before or after he has given his testimony, and it is not necessary that the impeached witness be first inquired of as to such different statement or that he be present when his credit was to be impeached. And they said the rule laid down in the Queen's Case had never been adopted in Massachusetts. But see Brown *v.* Bellows (4 Pick 188, 1 Greenleaf's Ev. §462.