## Taft *vs.* Sergeant and others

Where an infant, jointly with others, made a negotiable promissory note for $125, and after he became of age he promised the holder to pay the same, by turning out a note against a third person for $50, and the balance in money; *Held,* that the new promise was an affirmance or ratification of the note; and that upon the infant's failing to comply with the terms of the special agreement, his liability on the note, directly, was complete; and the note stood revived and ratified, and discharged of the special contract in relation to the mode of payment.

*Held also,* that, in the absence of any proof to the contrary, it was to be presumed that at the time of making the new promise, the infant was aware of his rights, and knew the facts necessary to establish his exemption from legal liability.

*Held further,* that the new promise was an absolute and unconditional promise to pay the note; and that no demand of the fifty dollar note which the infant agreed to turn out, was necessary.

Appeal from a judgment entered at special term, on the report of a referee. The action was brought to recover the amount due on a promissory note made by the defendants, Robert Fulton, Townley Hopkins and William C. Sergeant, dated Lyons, August 17, 1847, for $125, payable to the plaintiff or bearer, one year after date, with use, and payable in the village of Lyons. The defendant Sergeant set up as a defense, in his answer, that at the time of the execution of the note he was an infant under the age of twenty-one years. The plaintiff, in his reply, among other things, stated that after the defendant Sergeant became twenty-one years of age he promised the plaintiff to pay the note. The other defendants did not appear or answer the complaint. On the trial before the referee, the plaintiff read in evidence the note, and rested. The defendant Sergeant then proved that he

Taft *v.* Sergeant.

was born on the 12th day of December, 1828, and rested. The plaintiff then proved that, in the spring or summer of the year 1850, the plaintiff and defendant had a conversation at the store of Dewey & Wells, in Lyons, respecting the note. That the plaintiff spoke to the defendant about the note; plaintiff dunned him for it; he asked the defendant when he was going to pay the note, or why he had not paid it. The defendant gave some excuse for not having paid the note before; said the other parties liable had not done as they agreed; that one of them had been sick; that they had not done as good a business with the machine as they had anticipated; that they were disappointed. The defendant finally told the plaintiff that he must take a note he had against somebody, a Mr. Johnson the witness thought, for $50, and the balance he would pay him in the fall. That he would bring the note down in a few days. The plaintiff said that would be satisfactory. The conversation then ended by the defendant's agreeing to bring down the note in a few days, and the plaintiff's assenting to the agreement. It was also proved, by an examination of the plaintiff, that the fact of the defendant being under age at the time he made the note, and that he was not liable to pay it for that reason, was not alluded to in any way in the said conversation between the plaintiff and the defendant. The referee made a report in favor of the plaintiff, against all the defendants, for the amount of the note and interest, upon which judgment was entered at the special term, and Sergeant appealed.

*J. C. Smith,* for the appellant.

*P. G. Clark,* for the respondent.

*By the Court,* Welles, J. In *Goodsell* v. *Myers,* (3 *Wend.* 479,) it was held that a negotiable promissory note, made by an infant, was voidable only, and not void; and might be affirmed after he came of age. In *Everson* v. *Carpenter,* (17 *Wend.* 419,) the same doctrine was held, except that it did not appear in that case that the note was in its terms negotiable. *Delano* v.

*Blake,* (11 *Wend.* 85,) was decided upon the same principle; which was also recognized in *Bay* v. *Gunn,* (1 *Denio,* 108.) The same rule prevails in Massachusetts. (*Martin* v. *Mayo,* 10 *Mass. R.* 137. *Whitney* v. *Dutch,* 14 *Id.* 457. *Reed* v. *Batchelder,* 1 *Metc.* 559.) In the last case the note was negotiable. The infant, on coming of age, promised payment to the payee, who afterwards transferred the note to the plaintiff, and the latter was allowed to maintain the action in his own name. There are some authorities which hold that a promissory note made by an infant is absolutely void, and not merely voidable. But the only case I have found in the courts of this state which looks that way is *Swasey* v. *Vanderheyden's Adm'r,* (10 *John.* 33.) In that case, however, there was no new promise, but the plaintiff relied upon the fact that the note was given for necessaries. There are other authorities which agree with *Swasey* v. *Vanderheyden.* But I think the tendency of modern decisions is to consider the acts of infants, generally, as voidable merely, and to leave them, when they come of age, to affirm or disaffirm their contracts, as their own views of interest may lead them to elect.

The defendants' counsel contends that the new promise is not binding as a ratification, for the reason that there is nothing to show that, at the time it was made, the defendant knew that he was not liable, by reason of his infancy, to pay the note, and that he made such promise for the purpose of waiving his privilege of infancy. It is sufficient to say that there is no evidence to show he was ignorant of his rights. He is presumed to know the law, and I think the presumption is that he knew the facts necessary to establish his exemption from legal liability, before making the new promise. It seems he found them out when he was sued, and it does not appear that any additional information was communicated to him in the mean time.

It is also contended, on the part of the defendant, that the new promise was not an unconditional absolute promise to *pay the note,* but a promise to turn out the note of a third person for a part, and pay the balance ; and that the complaint, instead of being in the ordinary form, upon the note, should have been

Taft v. Sergeant.

upon the special agreement. The new promise was an affirmance or ratification of the note. All the advantage the defendant could take of its provisions, was to comply with them, and then the note would be satisfied. Failing to do so, his liability on the note directly is complete. The note stands revived and ratified, and discharged of the special contract in relation to the mode of payment. Besides, it *was* an unconditional promise to pay; to pay fifty dollars by turning out to the plaintiff a note of that amount against one Johnson, and the balance in money. In *Rew* v. *Barber*, (3 *Cowen* 272,) where the plaintiff bought a horse of the defendant and paid him in a note against a third person, and the horse was afterwards taken from the plaintiffs by virtue of an execution against a former owner, and the plaintiff thereby lost the possession and title to the horse, he was permitted to recover of the defendant the consideration paid, in an action for money had and received. I have examined the case of *Taylor* v. *Stedman*, (3 *Iredell's L. Rep.* (*N. C.*) 97,) which it is supposed favors the objection under consideration, but cannot bring my mind to approve or follow it. I think, moreover, it is distinguishable from the case at bar, inasmuch as the promise there was *to turn out notes and judgments which the defendant was to guarantee to be good.*

It was not claimed before the referee, that the reply was not sufficient to admit the proof, if admissible under any state of pleadings. No demand of the fifty dollar note, which the defendant agreed to turn out, was necessary. And this, I think, disposes of the next point of the defendant's counsel, that the promise to turn out the note was void by the statute of frauds. (2 *R. S.* 136, § 3.) It was not a sale, or a contract for the sale of the note, but a means agreed upon by the parties for the payment of the note in suit, which was recognized and treated as a valid and subsisting debt.

The judgment at special term should be affirmed.

[MONROE GENERAL TERM, September 4, 1854. *Welles, Selden* and *Johnson*, Justices.]