## HEALY v. KELLOGG.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. INFANTS (§ 58*)—CONTRACTS—DISAFFIRMANCE.

A party has the right to disaffirm his contract of purchase, made while an infant, and recover the money paid thereunder, unless he has ratified it since coming of age.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. § 58.*]

2. INFANTS (§ 57*)—BURDEN OF PROOF—RATIFICATION.

Defendant, resisting an action to rescind a contract made during plaintiff's infancy on the ground of ratification after majority, has the burden of proving such ratification.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 136–148, 151; Dec. Dig. § 57.*]

3. INFANTS (§ 57*)—RATIFICATION—EVIDENCE.

A payment, made on a contract after the infant party has become of age, is some evidence of an intention to ratify, but is not conclusive.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 136–148, 151; Dec. Dig. § 57.*]

4. INFANTS (§ 57*)—DISAFFIRMANCE—PRESUMPTION.

In the absence of evidence to the contrary, an act of ratification by a former infant is presumed to have been done with full knowledge of his right to disaffirm.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 136–148, 151; Dec. Dig. § 57.*]

5. INFANTS (§ 57*)—RATIFICATION OF CONTRACT—PRESUMPTION.

In an action to rescind a contract made during plaintiff's infancy and to recover the amount paid thereunder, where it appeared that plaintiff, before making payments after majority, expressed her desire to avoid the contract, but in ignorance of her rights was induced to make payments by defendant's statement that she was bound to pay or to go to jail, no intention to ratify the contract could be presumed from such payments.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 136–148, 151; Dec. Dig. § 57.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Annie Healy against Rawdon W. Kellogg. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed, and judgment granted for the plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

John R. Jones, of New York City, for appellant.
Rawdon W. Kellogg, of Jamaica, in pro. per.

PAGE, J. [1] About three months before reaching the age of 21 years the plaintiff entered into a contract, dated January 6, 1910, to purchase from the defendant some unimproved real estate on Long Island. She paid $50 upon executing the contract, and agreed to pay $15 per month until the full purchase price of $770 should be paid. On February 2, 1910, she paid $30, August 12, 1910, $30, January 5, 1911, $35, and February 21, 1911, $15, making a total of $160 paid under the contract. She brings this action repudiating the contract as made by her during infancy, to recover the $160 so paid. The only serious defense offered is that, since the last three payments were made after the plaintiff had become of age, she thereby ratified the contract and is bound by it. The only evidence to support the defense is the testimony of the plaintiff that she made said payments after reaching her majority. She further testified that before making the said payments she went to the defendant's agent and demanded her money back, and offered to return the contract, and that he refused and told her that she was compelled to continue the payments or go to jail, and that she made three payments thereafter until a friend told her that she had a right to rescind the contract, after which she went again and demanded her money. That the infant had the right to disaffirm the transaction and recover what she had paid pursuant to the contract, upon arriving at majority, unless she had ratified the contract after majority, cannot be doubted.

[2-5] The burden was upon the defendant to prove a ratification of the contract. While a payment made after the infant has come of age is some evidence of an intention to ratify the contract, it is not conclusive. The ratification depends upon intention, and, where the circumstances of the payment disclose no such intent, the evidence is insufficient. International Text-Book Co. v. Connelly, 206 N. Y. 188, 197, 99 N. E. 722, 42 L. R. A. (N. S.) 1115. In the case at bar the undisputed facts show that before making the payments relied upon by the defendant the plaintiff expressed her desire to avoid the contract time and again, but was induced to make the payments by the statements of the defendant's agent that she was bound to pay or go to jail; she being ignorant of her rights. While it has been held that, in absence of evidence to the contrary, an act of ratification by a former infant is presumed to have been done with full knowledge of his right to disaffirm (Taft v. Sergeant, 18 Barb. 320), in the present instance the proof to the contrary is clear, and no intention or desire to ratify the contract can be presumed from the payments made.

The judgment must be reversed, with costs and judgment granted for the plaintiff for the amount demanded, with costs. All concur.