ALBANY,
January, 1830.

Goodsell
v.
Myers.

GOODSELL *vs.* MYERS.

THIS was an action of assumpsit, tried. at the Oneida circuit in April, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff declared as the endorsee of two promissory notes made by the defendant for the sum of $40 each, dated 4th April, 1825, payable to Jacob Adams or order. The defendant pleaded the general issue and infancy. To the plea of infancy, the plaintiff replied that after the making of the promises, and before the commencement of this suit, to wit, on the 7th January, 1826, at, &c. the defendant assented to, ratified and confirmed the said several promises, &c. and that at the time he so assented to, ratified and confirmed the said promises, he, the said defendant, was of the age of 21 years, and this, &c. wherefore, &c. The defendant rejoined that he did not, after he attained the age of 21 years, and before the commencement of the suit, assent to, ratify or confirm the said several promises, &c. *in modo et forma,* &c.

On the trial of the cause, the plaintiff proved the making of the notes and the endorsement of the same, and rested. The defendant's counsel insisted that the infancy of the defendant being admitted by the replication, the plaintiff was bound to prove the ratification of the promises, or that he must be nonsuited, and so ruled the judge. The plaintiff then proved an admission of the defendant, that he attained the age of 21 in May, 1825, and that in February, 1826, the defendant *spoke to a witness about the debt he owed to Dr. Adams, and said he was then going to settle with and pay him.* The witness who testified to this fact, stated further that the defendant resided with him at the time he became indebted to Dr. Adams, that he knew the bargain between them, that the defendant bought a horse of Dr. Adams and gave him the notes in question in payment; that during the summer and fall of 1825, he often heard the defendant speak of the debt

*Infancy is admitted by a replication of a new promise to a plea of infancy, and need not be proved by the defendant.*

*The ratification of an infant's contract should be a promise to a party in interest or his agent or at least an explicit admission of an existing liability, from which a promise may be implied.*

*The ratification should be equivalent to a new contract. The note of an infant is voidable, not void, and may be affirmed after the infant comes of age. So held in a case where the action was on a negotiable note.***

---

*** This case and the remainder of the cases published as of this term, were decided at the last August, term.

ALBANY,
January, 1830.

Goodsell
v.
Myers.

as still due to Dr. Adams.  This witness, on his cross-exami-
nation, stated that he was *not the agent* of Adams, and had no
interest in the notes.

The defendant's counsel moved for a nonsuit, because
there was not sufficient evidence of a new ·promise to charge
the defendant, and that the promise, if any, was not made to
the plaintiff.  The judge refused to nonsuit the plaintiff, and
charged the jury that if they were satisfied from the evidence
in the case that the defendant, after he attained the age of·
21, had assented to, ratified and confirmed the promises laid
in the declaration, they would find a verdict for the plaintiff
for the amount of the notes, otherwise for the defendant.
The jury found for the plaintiff, and a motion was now made
for a new trial.

*C. P. Kirkland,* for defendant.  The notes in this case
given by an infant, being *negotiable,* are *void;* and the rea-
son is, that if the note be valid in the first instance as a ne-
gotiable note, the consideration cannot be inquired into when
in the hands of a *bonâ fide* holder, and the infant would there-
by be precluded from questioning the consideration.  (10
Johns. R. 33.  Chitty on Bills, 16, n. x.  1 Campb. N. P.
552, 3, n.  1 T. R. 40.)  If the notes were only voidable,
there was not sufficient evidence of a new promise after the
defendant attained his age.  A promise to render a note gi-
ven by an infant operative must be express; a bare acknow-
ledgment of the debt is not a sufficient confirmation.  (Chitty
on Bills, 17.  2 Esp. R. 481, 628.)  Besides, the promise
here was not to a party, but to a stranger.  A promise even
to a payee will not enure to the benefit of an endorsee.
(Chitty on Bills, 23.)

*W. H. Maynard,* for plaintiff.  The plaintiff was not
bound to prove a ratification of the promises laid in the de-
claration.  It was incumbent on the defendant to prove his
non-age.  So it is expressly decided, in a similar state of
pleadings, in *Berthwick* v. *Carruthus,* (1 T. R, 648,) this case
forming an exception to the general rule that what is confess-
ed by the pleadings need not be proved.  Although the plain-
tiff, in compliance with the direction of the judge, did prove

a ratification of the promise, after the defendant admitted he was of age, he furnished no proof that the defendant was an infant at the making of the notes ; and as no evidence of infancy was given by the defendant, the plaintiff is entitled to judgment.

<em>ALBANY,<br>January, 1830.</em><br><br>Goodsell<br>v.<br>Myers.

There is some diversity in the books as to the confirmation of a *negotiable* note given by an *infant;* but surely it cannot be that a note, as well as a contract or promise, cannot be confirmed after the party contracting arrives of age. The general doctrine is, that all contracts made by infants otherwise than for necessaries are *voidable*, not void. (3 Burr. 1804. 1 Johns. C. 127. 7 Cowen, 22. 7 id. 179.) In *Massachusetts* it has been decided that the note of an infant may be confirmed, (10 Mass. R. 140;) so also that any contract may be confirmed which is voidable only and not void. (14 Mass. R. 457.)

*Kirkland*, in reply. The case cited from 1 T. R. 648, stands alone, and is opposed to the well settled rule of law, that what is alleged by one party in pleading, and not denied by the other, is admitted. Archbold, in his Treatise on Pleading, 262, 3, says the illustration of Mr. Justice Buller is an anomaly in the law. If the doctrine of that case be correct, a replication like that interposed here is bad for duplicity and incongruity. If, however, the defendant was bound to shew his infancy, he is entitled to a new trial for the misdirection of the judge as to the course of the trial. The cases cited from the Massachusetts reports not arising on negotiable notes, do not conflict with the decision in 10 Johnson ; there is a manifest distinction between notes negotiable or not negotiable. The case in 10 Johnson is supported by Chitty on Contracts, 23 and 2 Kent's Comm. 192.

*By the Court*, SAVAGE, Ch. J. The note of an infant is *voidable*, not *void*, (1 Saund. on Pl. & Ev. 303,) and may be ratified after he comes of age. In this case the defendant was an infant when the notes declared on were given, and the infancy is admitted by the pleadings. The evidence of a subsequent ratification was merely a loose conversation, not

ALBANY,
January, 1830.

North River
Ins. Co.
v.
Lawrence.

with the payee or holder, or agent of the payee or holder of the note, but with a stranger, and in my opinion was wholly insufficient to charge the defendant. A ratification of an infant's contract should be something moie than a mere admission to a stranger that such a contract existed ; there should be a promise to a party in interest or his agent, or at least an explicit admission of an existing liability from which a promise may be implied. This case is not similar to that of a note barred by the statute, where there has been a valid instrument, but the statute presumes payment from lapse of time ; any admission of an existing debt in such case is sufficient to rebut the presumption. It is not so in the case of a contract by an infant, (not for necessaries.) The note during the infancy of the defendant was not an available instrument, and never can be available but by force of a ratification after the infant arrives of age ; and such ratification, it seems to me, must be equivalent to a new contract.