By the Court,

Nelson, J.
In Goodsell v. Myers, 3 Wendell, 479, it was decided that though the note of an infant was not void and only voidable, yet that, to charge a party upon a note given during infancy, there must be an express promise to the party in interest or his agent, or such an admission of an existing liability after the infant arrived of age, that a promise might be inferred. In that case, the party seeking to qnforce the note was required to show affirmatively a confirmation of the voidable act. There the infant stood on the defensive. Here he is the actor, and is bound to show a disaffirmance of the contract, by returning the note before he can call upon the defendant for payment for the work done, in satisfaction of which the note was received during infancy. It may be questionable whether, within the principle of the case of M’Coy v. Huffman, 8 Wendell, 84, the plaintiff can recover at all for the work and labor performed by him, it having been performed under a special agreement, which has been executed. We do not, however, put the case upon that ground. The purchase by an infant of real estate is voidable, but it vests in him the freehold until he disagrees to it, and the continuance in possession after *88 he arrives of age is an implied confirmation of the contract. So as to a lease, the continuance in possession under it after the party arrives of age is a confirmation, and he must pay the rent, Bacon’s Abr. tit. Infant, p. 611, 12. We do not say that the retaining of the note in this case affords as strong an inference in favor of a ratification of the contract, as the continuance of the possession of real estate, but the principle must be the same. After the *plaintiff came of age, every inference in relation to the note should be drawn against him, the same as against any other adult. The holding of the note by the plaintiff eight months after he arrived of age, before he offered to return it to the defendant, is, in judgment of law, a ratification of the contract, especially where in the mean time the maker of the note has become insolvent, the debt lost, and the offer to return made on the heel of that event. 2 Kent’s Comm. 237, 8.
New trial denied.