## WILCOX *against* ROATH.

Whether the ratification of a contract made by an infant, be a question to be submitted to the jury upon the evidence, or to be determined by the court, it is the undoubted right of the court to refuse or grant a new trial, according as the verdict, in its opinion, is conformable to or against the evidence. The ratification of a contract made by an infant, and the acknowledgment of a debt barred by the statute of limitations, stand on different grounds and

are governed by different principles. In the former case, there was not originally any legal right capable of being enforced, and a new liability is assumed; in the latter, the debt continues from the time it was contracted, and the acknowledgment merely rebuts the presumption created by the statute. Therefore, to constitute a ratification of an infant's contract, there must be an express promise to pay the debt after he arrives at full age; while a bare acknowledgment of the debt is sufficient to take a case out of the statute of limitations.

Where it appeared in an action on a promissory note, to which infancy was pleaded, and a ratification after full age, was replied, that the note being presented to the defendant, after he became of full age, for the purpose of having it settled, the defendant took it and said he would immediately write the plaintiff about it; and afterwards, in answer to an enquiry made by the plaintiff in a letter to the defendant, whether he considered the plaintiff's claim worthy of his attention, he replied in a letter to the plaintiff—" I do consider your claim as worthy my attention, but not as meriting my first attention," and then went on to say, that his business was in an unsettled state, but that as soon as he could bring it to a close, he would give to the plaintiff's claim the attention due to it; it was held, that this evidence did not shew a ratification.

THIS was an action on a promissory note, for 134 dollars, dated the 26th of *May*, 1829. There were also counts in *indebitatus assumpsit*, and on an account stated.

The defendant pleaded infancy at the making of the note; and the plaintiff replied a ratification, by the defendant, after he became of full age; on which issue was joined.

The cause was tried at *New-Haven, January* term, 1838, before *Waite*, J.

It was admitted, by the plaintiff, that the defendant was under the age of twenty-one years when he gave the note; and that he became of full age on the 11th of *June*, 1831. To prove a subsequent ratification of the note, by the defendant, and a promise to pay it, the plaintiff introduced the deposition of *Frederick Sill* and a letter from the defendant. The deposition of *Sill* stated, that being in *New-Haven* on a visit, in the *Spring* or early part of the *Summer* of the year 1831, he mentioned to the plaintiff, that he was going to *Norwich*, [the defendant's place of residence;] that the plaintiff then handed to him a note signed by the defendant, payable to the plaintiff, for about 130 dollars, and requested him, (the witness) to present it to the maker, at *Norwich*, for payment; that he took the note with him to *Norwich*, found the defendant there, and presented it to him, telling him that he had brought the note for him to settle; that the defendant took the note, read it, and

*New-Haven,*
*July, 1838.*

Wilcox
*v.*
Roath.

said he would immediately write to the plaintiff about it ; that he then carelessly threw it on the table standing near him, and said, that he did not know that it was of any consequence whether he or the witness kept it ; that the witness replied, that the plaintiff gave him no directions whatever with regard to the note ; that the defendant then repeated that he would write to the plaintiff about it, and nothing more was said on the subject ; and that the witness left the note with the defendant, without payment of any part of it.    The witness further testified, that he was in the employment of the plaintiff, with the defendant, at the time the note was given ; and that the defendant gave it for tools of his trade, which the plaintiff then sold him.

The defendant's letter was as follows : " *Norwich, Aug.* 31. 1831.    Mr. *Wilcox.* Sir, I received a letter, a few days since, from you, concerning the note you hold against me, in which you wish me to consider your claim as being worthy of my attention.    I do consider it so ; but, sir, I cannot consider it as meriting my first attention.    My business is, at present, in an unsettled state ; but as soon as I am able to bring it to a close, it will be with the greatest pleasure that I give your claim the attention due to it.    Respectfully yours, *B. T. Roath.*"

This letter was written to the plaintiff at the time it bears date.

No other evidence being given in the cause, the defendant claimed, that he was entitled to a verdict, and that the court should so instruct the jury.    But the court charged the jury, that if they should find that the evidence proved an acknowledgment of the debt, and a promise to pay it, their verdict must be for the plaintiff.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial for a mis-direction.

*Kimberly,* in support of the motion, contended, 1. That the words used by the defendant, both in his conversation with *Sill,* and in his letter to the plaintiff, being proved, the effect of those words was to be determined by the court, and ought not to be left to the jury.    (What is the legal effect of given language, is always a question of law.)   In all the cases where the question was, whether the words proved amounted to a ratification of

the debt and a promise to pay it, that question has been decided
by the court. *Benham* v. *Bishop,* 9 *Conn. Rep.* 331. *Bick-*
*nell* v. *Keppel,* 1 *New Rep.* 20. *Goodsell* v. *Myers,* 3 *Wend.* 479.

2. That to avoid a plea of infancy to a suit on a note, it is not sufficient to shew an acknowledgment of the infant that he made it and that it is due, but there must be a promise to pay it. *Thrupp* v. *Fielder,* 2 *Esp. Rep.* 268. *Smith* v. *Mayo* & al. 9 *Mass. Rep.* 62. *Ford* v. *Phillips,* 1 *Pick.* 202. *Thompson* & al. v. *Lay* & al. 4 *Pick.* 48. *Goodsell* v. *Myers,* 3 *Wend.* 479. *Gay* v. *Ballou,* 4 *Wend.* 403. *Benham* v. *Bishop,* 9 *Conn. Rep.* 333.

3. That in this case, neither the letter of the defendant, nor the deposition of *Sill,* nor both together, shew even a recognition of the debt, by the defendant, much less a promise to pay it.

4. That if the defendant made any promise to pay the note, it was a conditional promise; and the plaintiff must shew that the condition has been fulfilled; which he has not done. *Cole* v. *Saxby,* 3 *Esp. Rep.* 159. *Davies* v. *Smith,* 4 *Esp. Rep.* 36. *Thompson* & al. v. *Lay* & ux. 4 *Pick.* 48. *Tanner* v. *Smart,* 6 *Barn. &. Cres.* 603. (13 *Serg & Lowb.* 273.) Under the charge given in this case, the plaintiff must have had a verdict, if the jury found *any* promise, even though a conditional one, and the condition not fulfilled. The fulfilment of the condition was not submitted to the jury.

*Baldwin,* contra, contended, 1. That the question of ratification was properly submitted to the jury upon the evidence. There was something more to be done than to give a construction to a writing: the *conduct* of the defendant—what he did and what he said—was to be passed upon.

2. That if it was the province of the court to decide this question, the court must have decided it as the jury have done; and consequently, a new trial will not be granted. The conduct of the defendant in the presence of *Sill,* the plaintiff's agent, when he presented the note for payment, and the letter in answer to the one from the plaintiff, (not produced by the defendant,) are satisfactory evidence of a ratification and a new promise. *Benham* v. *Bishop,* 9 *Conn. Rep.* 331. *Whitney*

New-Haven, July, 1838.

Wilcox
v.
Roath.

& al. v. *Dutch* & al. 14 *Mass. Rep.* 457. 460.   *Barnaby* v. *Barnaby*, 1 *Pick.* 221. 223.

3. That the defendant was liable on the *indebitatus assumpsit* count, as well as on that on the note.   *Jackson* v. *Mayo* & al. 11 *Mass. Rep.* 147.

BISSELL, J.   It is admitted upon the pleadings in this case, that the note declared on, was given by the defendant, while a minor under the age of twenty-one years.   And the only question submitted to our consideration, is, whether the evidence adduced on the trial be sufficient to prove a ratification of the contract, by him, after he arrived at full age.   The evidence is all in writing, and consists of the deposition of *Frederick Sill*, and the letter of the defendant, dated the 31st day of *August*, 1837.

The judge who tried the cause upon the circuit, left it to the jury to say, whether the evidence offered proved an acknowledgment of the debt, and a promise to pay it.   And it is now urged as one ground for a new trial, that this question was improperly submitted to the jury : that it should have been determined by the court, to whom it appertained to decide upon the sufficiency of the evidence.   Upon this point there has not been an entire uniformity of decision : and the learned judge was, certainly, not without high authority for the course which he adopted.   In *Lloyd* v. *Maund, 2 Term Rep.* 760., it was held, that a letter written by the defendant to the plaintiff's attorney, couched in ambiguous terms, neither expressly admitting nor denying the debt, should have been left to the jury to consider whether it amounted to an acknowledgment of the debt, so as to take it out of the statute of limitations.

In *Bicknell* v. *Keppel*, 1 *New Rep.* 20., Lord *Alvanley* considered himself bound, by the case of *Lloyd* v. *Maund*, to leave it to the jury to decide whether a letter written by the defendant, coupled with a subsequent conversation, amounted to an acknowledgment of the debt.   And in a much more recent case, the same course was taken, by Lord *Denman*, who left it to the jury to say, whether certain letters written by the defendant, and read in evidence, amounted to an acknowledgment to take the case out of the statute.   And this course was afterwards sanctioned, by the court of *King's Bench*, who held,

New-Haven,
July, 1838.

Wilcox
v.
Roath.

that the question was properly so left. *Dobson* v. *Mackey,* 4 *Nev. & Mann.* 327.

But in the case of *Ballie* & al. v. Lord *Inchiquin,* 1 *Esp. Rep.* 435., Lord *Kenyon* put a construction upon a letter offered in evidence, and decided that it amounted to an acknowledgment. In a note to this case, by the *American* editor, he remarks; that from the case of *Lloyd* v. *Maund* it would seem, that what acts or declarations constitute an acknowledgment, is a question of fact, to be determined by the jury; and upon the authority of that case, the position has been repeatedly laid down. He cites several elementary treatises; but remarks, that in every other reported case, except that of *Lloyd* v. *Maund,* the question has been determined by the court.

In *Fearn* v. *Lewis,* 6 *Bing.* 349., certain letters of the defendant were read in evidence; and *Tindall,* C. J., thinking there was no evidence to connect the acknowledgment contained in the letters with the plaintiff's demand, directed a non-suit: and the court of *Common Pleas* refused a rule, in the case, on the ground that the letters did not contain a sufficient acknowledgment to take the case out of the statute of limitations.

And in the case of *Benham* v. *Bishop,* 9 *Conn. Rep.* 330., the judge on the circuit put a construction on the evidence, and instructed the jury, that it did not amount to a ratification. And the motion for a new trial was denied, by this court, although it was insisted, that the evidence should have been submitted to the jury, leaving them to decide upon its sufficiency.

Amidst this conflicting practice, we do not feel called upon to say, whether the course taken by the judge on the trial, was the more correct one; or whether it would have been more conformable to principle, for him to have decided on the evidence. For, a decision either way will not vary the result to which we have arrived. Indeed, it would seem to be very unimportant, whether the inference from the evidence be drawn by the court or the jury; because, in either case, it does certainly appertain to this court, on a motion for a new trial, to determine whether the correct legal inference was in fact drawn.

Thus, in the case of *Bicknell* v. *Keppell,* already cited, the court of *Common Pleas,* being of opinion that the evidence did not prove an acknowledgment, granted a new trial. And in every case, where in the opinion of the court, a wrong inference has been drawn by the jury, the rule for a new trial,

New-Haven,
July, 1838.
———
Wilcox
v.
Roath.

or for entering a non-suit, has been made absolute.  *Tanner* v. *Smart*, 6 *Barn. & Cres.* 603.  *Kennett* v. *Milbank*, 8 *Bing.* 38.  *Haydon* v. *Williams*, 7 *Bing.* 163.  *Payne* & al. v. *Ives* & al. 3 *Dowl. & Ryl.* 664.

We proceed, then, to the principal enquiry in the case.  Did the defendant ratify this contract, after he arrived at full age?

And here it may be well to look, for a moment, at the rule on this subject, and to enquire what amounts to such ratification.

An attempt has been made to show an analogy between this case, and cases arising under the statute of limitations; and it has been contended, that the evidence which would take a case out of that statute, is sufficient to prove the ratification of a contract made by an infant.  Such, however, is not the rule. The cases are not analogous.  They stand on different grounds, and are governed by different principles.  *In the one case*, the debt continues from the time it was contracted.  A new promise merely rebuts the presumption created by the statute; and the plaintiff recovers, not on the ground of any new right of action, but that the statute does not apply to bar the old one.  *In the other*, there never was any legal right, capable of being enforced.  And in case of a promise after the infant becomes of age, he takes upon himself a new liability, founded, indeed, on a moral obligation, existing before.  Accordingly, it is well settled, that a bare acknowledgment is sufficient to take a case out of the statute of limitations.  But in regard to the contract of an infant, it has been repeatedly adjudged, that there must be an express promise to pay the debt, after he arrives at full age; otherwise, there is no ratification.

In the case of *Thrupp* v. *Fielder*, 2 *Esp. Rep.* 628., Lord *Kenyon* says: " The case of infancy differs from the statute of limitations.  In the latter case, a bare acknowledgment has been held to be sufficient.  In the case of an infant, I shall hold an acknowledgment not to be sufficient, and require proof of an express promise to pay, made by the infant, after he has attained that age when the law presumes that he has discretion."

The same doctrine is also laid down by *Daggett*, J., in pronouncing the opinion of the court, in the case of *Benham* v. *Bishop*, already cited.  He says : " It is clear from all the authorities, that the note of an infant cannot be ratified, by mere-

ly acknowledging that he made it, or that it is due. Unlike the admission of a debt barred by the statute of limitations, which has been held to remove the bar, and authorize a recovery, in the case of the note or bond of a minor, there must be a promise to pay when of full age." 9 *Conn. Rep.* 333.

In *Thornton* v. *Illingworth,* 2 *B. & C.* 824., it was holden, that a promise to pay, made after the commencement of the action, was not sufficient to sustain a replication that the defendant (who pleaded infancy) ratified his contract, after he came of age; although such a promise would manifestly be a sufficient answer to the statute of limitations. See also the following authorities. *Rogers* & al. v. *Hurd,* 4 *Day* 57. *Smith* v. *Mayo* & al. 9 *Mass. Rep.* 62. *Ford* v. *Phillips,* 1 *Pick.* 202. *Thompson* & al. v. *Lay* & al. 4 *Pick.* 48. *Goodsell* v. *Myers,* 3 *Wend.* 479. *Gay* v. *Ballou,* 4 *Wend.* 403. *Stone* v. *Wythipol, Cro. Eliz.* 126. *Harmer* v. *Killing,* 5 *Esp. Rep.* 102. *Morning* v. *Knop, Cro. Eliz.* 700.

It only remains, that we apply the rule settled, by these and numerous other authorities, to the case now before us. The evidence in the case, as has already been remarked, is wholly made up of the deposition of *Sill* and the defendant's letter. And in regard to the former, it has hardly been contended at the bar, that it proves a promise; and nothing is clearer than that such a claim cannot successfully be made. It does not prove even a recognition of the debt. The defendant, on being shown the note, took it into his own possession, and said he would write the plaintiff on the subject. Admitting the deposition to prove the consideration of the note, and also that the consideration was retained by the defendant; yet that proves nothing in the case. According to the decision in *Benham* v. *Bishop,* it was not even evidence for the jury to weigh.

The principal reliance has been placed, and properly placed, on the letter. Does this prove a promise to pay the debt? It would seem to be only necessary to advert, for a moment, to the terms of the letter, to show, most satisfactorily, that it proves no such thing. It purports to be in answer to one written by the plaintiff, in which he had enquired of the defendant, whether he considered his claim worthy of his attention. In answer to this enquiry, the defendant says: " I do consider your claim as worthy my attention, but not as meriting my first attention." He then goes on to say, that his business is in an

*New Haven,*
*July, 1838.*

Wilcox
*v.*
Roath.

unsettled state ; but that as soon as he can bring it to a close, he will give to the plaintiff's claim the attention due to it. Now, should we not be carrying this language far beyond its plain and obvious meaning, were we to hold that it amounts to a ratification, within the well settled rule on the subject ? Does the language fairly import any thing more than this ? "You have made a claim upon me. Owing to the embarrassed state of my business, I cannot attend to it, at present ; but at some future time, when my business is less embarrassed, I will examine, will investigate it."

And there is surely a wide difference between the investigation of a claim and the payment of a debt ; and a promise to do the one involves no obligation to perform the other.

In the case of *Fearn* v. *Lewis*, already cited, the language was much stronger than in the present case. There it was : " The plaintiff's claim, with that of others, shall receive that attention that, as an honourable man, I consider them to deserve ; *and it is my intention to pay them ;* but I must be allowed time to arrange my affairs ; and if I am proceeded against, any exertion of mine will be rendered abortive." And yet it was holden, that this was not an unqualified acknowledgment, from which the court could imply a sufficient promise to take the case out of the statute of limitations.

We are clearly of opinion, that the jury drew a wrong conclusion from the evidence ; and therefore, grant a new trial.

In this opinion the other Judges concurred.

New trial to be granted.