### IRVINSON and Wife *v.* VAN RIPER.

APPEAL.—*Pleading Stricken Out.*—Where a pleading has been erroneously stricken out, the error is not available on appeal if the same matter has been incorporated in an amended pleading afterwards filed and not rejected.

WAIVER.—*Demurrer.*—*Reply.*—Where a defendant voluntarily goes to trial without having made any question as to the state of the pleadings, he thereby waives the decision of the court upon a demurrer filed to a paragraph of his answer and undecided, and waives a reply not filed which otherwise might have been required.

APPEAL from the Vanderburgh Common Pleas.

DOWNEY, J.—Action to foreclose a mortgage given to secure a note executed by Irvinson to Van Riper.

Answer in four paragraphs. Reply to the first and second. Demurrer to the third.

In this state of the pleadings, without disposing of the demurrer, and without any notice of the fourth paragraph, the case was tried by jury, and there was a verdict and judgment for the plaintiff, the court having overruled a motion for a new trial made by the defendants.

There was no motion for judgment on the pleadings, by the defendants, nor in arrest of judgment.

It is alleged as error, that the court below rejected the third paragraph of the defendants' original answer. But the same matter was embraced in the amended answer afterwards filed, which was not rejected. It has been held by this court that the action of the court in sustaining a demurrer to a pleading which is afterwards amended, cannot be assigned for error; and we think that rule is applicable also when there has been a motion sustained to strike out a pleading, and the same matter has been incorporated in an amended pleading afterwards filed. See *Patrick* v. *Jones*, 21 Ind. 249.

What issues had the court for trial? is a question which very naturally suggests itself. The appellants insist that, as the demurrer had not been disposed of, it was error to go to trial. But we do not find that this was objected to by them.

We think that by consenting to go to trial without making any question with reference to the shape of the pleadings, the defendants waived the decision of the court upon the issue of law, and also waived the reply.   See *Shirts* v. *Irons*, 28 Ind. 458, and cases therein cited.

The next error alleged is, that the court erred in rejecting certain evidence offered by the defendants in support of their answer.   This proposed evidence is set out in the bill of exceptions.   Some of it is oral, and some consists of documents.   We have examined it, and think it had a tendency to support the answer, and should not have been excluded.

We cannot refrain from expressing the hope that the parties will succeed in getting the case in better shape before it shall again be submitted to the jury.   To enable them to do so, the judgment is reversed, with costs, and the cause is remanded, with instructions to the common pleas to allow the parties to amend their pleadings, if they shall desire to do so.

*J. S. Buchanan* and *H. C. Gooding*, for appellants.