## FETROW v. WISEMAN.

PRACTICE.—*Failure to Reply.*—A defendant, by consenting to go to trial without a reply, waives any objection, and cannot afterward be heard to complain of the irregularity.

PROMISSORY NOTE.—*Principal and Surety.*—*Decedents' Estates.*—A promissory note was made by one as principal and another as surety. The principal died, and his estate was solvent and was settled. The payee of the note did not file it as a claim against the estate of the principal.

*Held,* that his failure to file the note as a claim against the estate of the principal did not defeat his right of action against the surety.

INFANCY.—*Suretyship.*—A contract of suretyship made by an infant is voidable only, and may be affirmed by the infant when he arrives at his legal majority; and if so affirmed, it can be enforced.

SAME.—*Affirmance of Contract.*—To affirm or ratify such contract, there must not only be an acknowledgment of liability, but an express promise, voluntarily and deliberately made, after arriving at majority, and with the knowledge that he is not legally liable.

SAME.—*Pleading.*—*Evidence.*—In a suit upon a promissory note, if the defendant pleads infancy at the time of the execution of the note, and there is no reply that after the defendant arrived at full age he ratified the contract, evidence of such ratification is inadmissible.

Fetrow *v.* Wiseman.

APPEAL from the Marion Circuit Court.

BUSKIRK, J.—Wiseman sued John Fetrow, before a justice of the peace, on the following note:

"MAY 6TH, 1859.

"One day after date, we or either of us promise to pay Samuel S. Wiseman, or bearer, the sum of ninety-five dollars, for value received, without any relief from valuation or appraisement laws.

"JOSEPH FETROW,
"JOHN FETROW."

John Fetrow alone appeared and answered under oath, denying the execution of the note. There was judgment for defendant, from which the plaintiff appealed to the circuit court.

In the circuit court, the defendant, upon showing that the answer filed before the justice had been lost, was granted leave to file an amended answer, and thereupon he filed an answer in two paragraphs. The first was the plea of *non est factum;* and the second, that at the time when the note was executed, he was under twenty-one years of age. Both pleas were sworn to. There was no reply filed to the answer. By the agreement of the parties, the cause was submitted to the court for trial, and there was a finding for the plaintiff; and over a motion for a new trial, there was judgment on the finding.

The only valid assignment of error calls in question the correctness of the ruling of the court in overruling the motion for a new trial.

A reversal of the judgment is demanded, in the first place, on the ground that there was a trial without an issue, for the reason that there was no reply to the answer. The defendant, by consenting to go to trial without a reply, waived the objection, and cannot now be heard to complain of the irregularity. See *Irvinson* v. *Van Riper,* 34 Ind. 148; *Train* v. *Gridley,* 36 Ind. 241.

It is next claimed that the evidence established the fact that the defendant had not executed the note, and that the

finding should have been in his favor upon that issue.   We think otherwise.   We are satisfied that the execution of the note by the defendant was established by a very decided preponderance of the evidence.

We think it is shown by the evidence that when the note was executed the defendant was an infant, and that he signed the note as the surety of his father, Joseph Fetrow.

The note was executed the 6th of May, 1859.   Joseph Fetrow, the principal in the note, died the 25th of March, 1864.   The appellant was administrator.   The estate was solvent, and was settled as such March 19th, 1868.   The appellee failed to file the note against the estate.   It is even claimed that his failure to do so releases the appellant, who was only surety on the note.   We think otherwise.   The appellee might have filed his note as a claim against the estate of Joseph Fetrow, deceased, but he was not bound to do so; and his failure to so file the claim did not defeat his right of action against the appellant.

It is in the next place  contended by the appellant that he is not liable upon the note, for the reason that he executed the same as the surety of his father, when he was a minor.   The position assumed is, that the contract of suretyship by a minor is absolutely void and incapable of ratification upon his arriving at age.   But it is maintained by the appellee that the contract was not void, but was voidable only, and therefore capable of ratification.   The question is not free from doubt or difficulty, for no inconsiderable diversity of opinion is to be found in the authorities.   The contracts of infants are divided into three classes, namely, first, those which are absolutely void; second, those which are only voidable; and, third, those which are binding.   1 Story Con. 98.   The authorities all agree that contracts made by infants for necessaries are binding.   It is well settled that a contract that is void is incapable of ratification, and it is as well and firmly settled that a contract which is voidable only may be ratified, and rendered as binding and effectual as though it had been executed by an adult.   The diffi-

culty is in determining what contracts are void and what are' voidable only.

In *Keane* v. *Boycott*, 2 H. Black. 511, Lord Chief Justice EYRE laid down the doctrine, that where the court could pronounce the contract for the benefit of the infant, as for necessaries, it was good; where the court could pronounce it to be to the prejudice of the infant, it was void; and in those cases where the benefit or prejudice was uncertain, the contract was voidable only. It was soon found that the above rule was subject to many modifications and exceptions. Thus, in *Tucker* 'v. *Moreland*, 10 Pet. 58, STORY, J:, in speaking for the court, said: "It is apparent, then, upon the English authorities, that however true it may be, that an infant may so far bind himself by deed in certain cases, as that in consequence of the solemnity of the instrument it is voidable only, and not void; yet, that the instrument, however, solemn, is held to be void, if upon its face it is apparent, that it is to the prejudice of the infant. This distinction, if admitted, would go far to reconcile all the cases; for it would decide, that a deed by virtue of its solemnity should be voidable only, unless it appeared on its face to be to his prejudice, in which case it would be void."

The above rule has become practically obsolete, and the modern doctrine on the subject may be regarded as settled that all the contracts of an infant not in themselves illegal, or appointing an agent, are voidable only. The law is thus laid down by Prof. Parsons, in his work on Notes and Bills:

"This incapacity or disability is intended for their benefit and protection against their own indiscretion, or the knavery of others. Hence the exception in respect to necessaries; for these a child must have. Hence, too, the old distinction between the void and the voidable contracts of an infant; those being held to be voidable only which might be for his benefit, while those were void which could do him no good. But this distinction we suppose to be practically obsolete; all the contracts of an infant, not in themselves illegal, being capable of ratification by him when an adult,

and therefore being voidable only; for if once absolutely void, no ratification could give them any force." 1 Parsons Notes & Bills, 67; *Hunt* v. *Massey,* 5 B. & Ad. 902; *Gibbs* v. *Merrill,* 3 Taunt. 307; *Williams* v. *Moor,* 11 M. & W. 256; *Harris* v. *Wall,* 1 Exch. 122; *Reed* v. *Batchelder,* 1 Met. 559; *Aldrich* v. *Grimes,* 10 N. H. 194; *Edgerly* v. *Shaw,* 5 Fost. N. H. 514; *Goodsell* v. *Myers,* 3 Wend. 479; *Taft* v. *Sergeant,* 18 Barb. 320; *Cheshire* v. *Barrett,* 4 McCord, 241; *Little* v. *Duncan,* 9 Rich. 55.

Tyler, in his valuable work upon Infancy and Coverture, 54, admits that the tendency of modern decisions is to hold that the contracts of infants are voidable only, if not for necessaries.

But we come now to the examination of the authorities, in reference to the contract of suretyship entered into by an infant, and we are required to decide whether such contract is absolutely void or voidable only.

In *Cockshott* v. *Bennett,* 2 T. R. 763, it was held that the contract was void on the ground of fraud, and that any subsequent promise was a *nudum pactum,* but the court proceeded to say that it was not void by reason of being a contract of suretyship. The court say: " This is not like a security given by an infant, which is only voidable; for that may be revived by a promise after he comes of age.   In such case he is bound in equity and in conscience to discharge the debt, though the law would not compel him to do so; but he may waive the privilege of infancy, which the law gives him for the purpose of securing him against the impositions of designing persons. And if he choose to waive his privilege, the subsequent promise will operate upon the preceding consideration."

The same ruling was made and supported by the same arguments in the cases of *Hinely* v. *Margaritz,* 3 Pa. St. 428; *Curtin* v. *Patton,* 11 S. & R. 305.

Professor Parsons, in his work on contracts, says: "The better opinion, however, as may be gathered from the later cases cited in our notes, seems to be that an infant's con-

tracts are, none of them, or nearly none, absolutely void, that is, so far void that he cannot ratify them after he arrives at the age of legal majority. Such, at least, is the strong tendency of modern decisions." See *Fonda* v. *Van Horne*, 15 Wend. 631; *Breckenridge's Heirs* v. *Ormsby*, 1 J. J. Mar. 236; *Scott* v. *Buchanan*, 11 Humph. 468; *Cole* v. *Pennoyer*, 14 Ill. 158; *Cummings* v. *Powell*, 8 Tex. 80; *The State* v. *Richmond*, 6 Foster N. H. 232; *Williams* v. *Moor*, 11 M. & W. 256; 1 Am. L. Cas. 103.

The case of *Williams* v. *Moor, supra,* is a very interesting and instructive case on the subject under discussion.

PARKE, B., says that much of the confusion in the books and adjudged cases has grown out of the improper use of the words "void" and "voidable." He says that if by the word void is meant incapable of being enforced, then the most of the contracts of infants are void, but if by the word "void" is meant incapable of being ratified, then very few of the contracts of an infant are void.

He further said that "the principle on which the law allows a party who has attained his age of twenty-one years to give validity to contracts entered into during his infancy is, that he is supposed to have acquired the power of deciding for himself, whether the transaction in question is one of a meritorious character, by which in good conscience he ought to be bound."

We have been referred by counsel for appellant to the following authorities as supporting their position, that a contract of suretyship entered into by an infant is void and incapable of being ratified when the infant has arrived to his legal majority: *Maples* v. *Wightman*, 4 Conn. 376; *Allen* v. *Minor*, 2 Call, 70; *Wheaton* v. *East*, 5 Yerg. 41; *Merriam* v. *Cunningham*, 11 Cush. 40; *Burley* v. *Russell*, 10 N. H. 184.

The case in 4 Conn., *supra,* is not in point, as the decision in that case was based upon a statute of that state, which provided, "that no person under the government of a

parent, guardian, or master shall be able to make any contract or bargain which, in the law, shall be accounted valid."

The court considered the above statute, to use their expression, "as raising the common law, and rendering absolutely void all contracts made within its prohibition." Such ruling, based upon such a statute, was undoubtedly correct.

The case in 2 Call is not much in point. In that case an infant had become security upon a twelve months replevy bond. He filed a bill in the high court of chancery, in which he alleged his infancy and asked to be relieved from such suretyship. The court held that he was entitled to the relief prayed for. The case does not seem to have received much consideration. The opinion of the court is condensed into seven lines, in large type, in a small book.

In the case of *Wheaton* v. *East, supra,* the ruling was placed upon the general rule laid down by Lord Chief Justice EYRE, in *Keane* v. *Boycott,* 2 H. Bl. 511, which is, "that when the court can pronounce the contract to be to the infant's prejudice, it is void, and when to his benefit, as for necessaries, it is good; and when the contract is of an uncertain nature, as to benefit or prejudice, it is voidable only, at the election of the infant."

The court, after quoting the above language, proceed to say: "Thus, the contract of an infant as security for another, the court can see must be to his prejudice, for he can derive no benefit from it, therefore it is void; but a contract for necessaries is plainly for his benefit, and therefore it is good, and binding upon him."

As we have heretofore seen the above rule has become obsolete, and consequently a ruling based thereon cannot receive much consideration, as the reason upon which it is based no longer exists.

The cases referred to, *supra,* in 11 Cush. and 10 N. H. are not in point, for the reason that the question involved in each was whether an infant, who had represented himself to be of full age, and thus procured credit, was not estopped, by such representations, from setting up his infancy, in avoid-

Fetrow *v.* Wiseman.

ance of his contract, and it was held in both cases that he was not estopped from pleading his infancy.

From a careful examination of the modern decisions and text writers, we are satisfied that the following propositions may be regarded as settled: first, that an infant's contracts for necessaries are as valid and binding upon the infant as the contracts of an adult, and that such contracts cannot be disaffirmed, and need not be ratified before they can be enforced; second, the contract of an infant appointing an agent or attorney in fact is absolutely void and incapable of ratification; third, any contract that is illegal, by reason of being against a statute or public policy, is absolutely void and incapable of ratification; fourth, all other contracts made by an infant are voidable only, and may be affirmed or disaffirmed by the infant at his election when he arrives at his legal majority.

The second proposition may not be founded in solid reason, but is so held by all the authorities. *Trueblood* v. *Trueblood*, 8 Ind. 195; *Pickler* v. *The State*, 18 Ind. 266; *Knox* v. *Flack*, 22 Pa. St. 337; *Waples* v. *Hastings*, 3 Harring. Del. 403; *Doe* v. *Roberts*, 16 M. & W. 778; Story Agency, 463, 474, 477; 1 Am. Lead. Cas. (3d ed.) 248.

The contract of the appellant being voidable, it cannot be enforced unless it was affirmed by him after he arrived of age. It remains for us to inquire what acts will amount to a confirmation, and whether, under the pleadings in this cause, proof of such acts could be made.

What facts and circumstances will give binding force to the voidable acts and contracts of an infant, depends very much upon the nature of the act to be ratified or confirmed. Words and acts which operate as a ratification of an executed contract may fall very far short of a confirmation of one that is wholly executory on the part of the infant.

To make a voidable contract of an infant binding upon him, he must expressly ratify it after he attains to full age. A ratification will not be inferred from a mere acknowledgment of the debt, but a promise to pay after he has arrived

at full age, with a knowledge that he is not liable, will amount to a ratification. *Conaway* v. *Shelton,* 3 Ind. 334; *Conklin* v. *Ogborn,* 7 Ind. 553.

The law is stated with great clearness and force by Tyler, in his work on infancy and coverture, where he says:

"The promises of an infant for the future payment of money, and all his executory contracts which are voidable, can be ratified only by a new promise to pay, or such express acts as will be equivalent to a new contract. The most that can be said of the original contract made during infancy, is that it is a valid consideration, and will afford aliment upon which to predicate a binding undertaking of the minor after he attains to full age. The original contract not being binding on the infant, the new promise must possess all the ingredients of a complete agreement. Anything short of this will fail to make the infant liable on the demand. So stringent is this doctrine, that a full acknowledgment or promise to pay a part, or even actual payment of a part, will not render the infant liable to pay the whole debt. This view is sustained by all the most approved authorities of the present day. As no agreement is complete until the minds of the parties meet, it follows that the new promise, to be binding on the infant, must be made to the creditor in person, or to his agent. The new promise of the infant must be voluntary, free, and with full knowledge that otherwise he would not be liable, and of course the promise must be made before the commencement of the suit to recover the demand." Tyler Infancy & Coverture, 86, 87.

STORY states the rule: "In order to ratify an executory agreement made during infancy, there must be not only an acknowledgment of primary liability, but an express promise, voluntarily and deliberately made by the infant upon his arriving at the age of maturity, and with the knowledge, that he is not legally liable."

For the convenience of future reference, we cite the following authorities, which fully support the above doctrine: *Goodsell* v. *Myers,* 3 Wend. 479; *Rogers* v. *Hurd,* 4 Day, 57;

*Wilcox* v. *Roath*, 12 Conn. 550; *Hale* v. *Gerrish*, 8 N. H. 374; *Bigelow* v. *Grannis*, 2 Hill, N. Y. 120; *Millard* v. *Hewlett*, 19 Wend. 301; *Watkins* v. *Stevens*, 4 Barb. 168; *Gay* v. *Ballou*, 4 Wend. 403; *Ford* v. *Phillips*, 1 Pick. 202; *Thompson* v. *Lay*, 4 Pick. 48; *Hubbard* v. *Cummings*, 1 Greenl. 11; *Thrupp* v. *Fielder*, 2 Esp. 628; *Harmer* v. *Killing*, 5 Esp. 102; *Whitney* v. *Dutch*, 14 Mass. 457; *Smith* v. *Mayo*, 9 Mass. 60; *Jackson* v. *Carpenter*, 11 Johns. 539; *Deason* v. *Boyd*, 1 Dana, 45; *Tucker* v. *Moreland*, 10 Peters, 58; *Hoit* v. *Underhill*, 10 N. H. 220; *Merriam* v. *Wilkins*, 6 N. H. 432; *Thornton* v. *Illingworth*, 2 B. & C. 824; *Thing* v. *Libbey*, 16 Maine, 55; *Curtin* v. *Patton*, 11 S. & R. 305; *Brooke* v. *Gally*, 2 Atk. 34; *Hinely* v. *Margaritz*, 3 Barr Pa. 428; *Mayer* v. *McLure*, 36 Miss. 389; *Boody* v. *McKenney*, 23 Maine, 517.

Evidence was offered tending to prove a ratification of the contract by the appellant, after he had arrived at age; and if such evidence was admissible under the issues, and was properly considered by the court in deciding the cause, it may have been sufficient to establish a ratification of the contract; but this we do not decide. Could the court consider the evidence which was admitted to prove the ratification? The appellant pleaded his infancy. The plaintiff failed to reply, but the defendant consented to go to trial without a reply, and we have repeatedly held that was a waiver of the reply, and that we would regard the answer as denied. This is as far as we have gone. We have never held, that a party who fails to answer a complaint or reply to an answer could prove any affirmative matter, and we do not think that such should be the rule. The court or the opposite party would have no means of knowing what affirmative matter might be pleaded.

The appellant having proved that he was an infant when he executed the note, he defeated a recovery thereon unless the plaintiff established a new promise. The recovery must be on the new promise, which is supported by the original consideration. It was, therefore, incumbent upon the plaintiff to reply a ratification. *Williams* v. *Moor*, 11 M. & W.

256; *Cohen* v. *Armstrong*, 1 M. & S. 724; *Thornton* v. *Illing-worth*, 2 B. & C. 824; *Hartley* v. *Wharton*, 11 A. & E. 934; *McKyring* v. *Bull*, 16 N. Y. 297.

Where secondary evidence bearing on the issue is admitted without objection, it should be considered because it was pertinent and tended to establish the issue, and it was the fault of the opposite party that he did not require better evidence. But in this case the evidence did not tend to support any issue in the cause. The question of ratification was altogether foreign to the case. *Brown* v. *Perry*, 14 Ind. 32. The infancy of the defendant having been proved, he defeated the action, and it results that the court erred in finding for the plaintiff, for which error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded for a new trial, with leave to the plaintiff to reply to the answer setting up infancy.

*J. T. Dye* and *A. C. Harris*, for appellant.

*S. Adams*, for appellee.