## David M. Rubin et al., Appellants, v. Erik P. Strandberg, Jr., et al., Appellees.

### Gen. No. 23,800.

1. INFANTS, § 23*—*what contract by minor may be ratified after reaching maturity.* A contract by a minor for the purchase of realty is voidable and not void, and he may ratify it by his acts and conduct after becoming of age.

2. INFANTS, § 23*—*what constitutes ratification of contract for purchase of realty upon reaching maturity.* One who, after becoming of age, makes two monthly payments on account of the purchase price of realty under a contract entered into by him in infancy, records the contract, asks for an extension of time to make payments, and requests the vendor to obtain a cash purchaser for the property, will be held to have ratified or affirmed the contract.

3. EVIDENCE, § 32*—*what is matter of law presumed to be known.* The right to disaffirm a contract made in infancy is a matter of law of which all men are conclusively presumed to have knowledge.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded with directions. Opinion filed October 16, 1918.

H. J. ROSENBERG and LOUIS BECKER, for appellants; IRVING ZIMMERMAN, of counsel.

JOEL C. CARLSON, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal complainants seek to reverse a decree of the Superior Court of Cook county, which removed a cloud from the title of real estate and further provided that complainants should refund to the defendant, Erik P. Strandberg, Jr., $2,575, being the amount of principal theretofore paid by the defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to the complainants on the purchase price of the property.

The record discloses that on the 4th of March, 1915, complainants entered into a written contract with the defendant, Erik P. Strandberg, Jr., whereby complainants agreed to sell three lots to the defendant upon a cash payment being made, and the balance in monthly instalments, with interest thereon at 6 per cent; that default was made in payment of the January and February instalments; that the defendant recorded the contract on the 3rd of January, 1916; that in accordance with the terms of the contract complainants elected to terminate the contract and prayed that they be permitted to retain the several amounts paid as liquidated damages; or in the alternative that the defendant be permitted to relieve himself from the forfeiture upon equitable terms, and that the recording of the contract be removed as a cloud upon complainants' title. The defendant filed an answer and cross-bill, in which he admitted the facts substantially as contended for by complainants, except that he charged fraud on the part of the complainants in their representation as to the value of the property, and set up as a defense that at the time of the execution of the contract he was a minor under the age of 21 years; that he became 21 years of age on October 7, 1915; that he did not know he had the legal right to affirm or disaffirm the contract after he became of age, and that he first learned his right in this regard on the 1st of February, 1916, when he consulted his solicitor; that immediately upon being so informed he tendered back his copy of the contract, together with a quitclaim deed to the property and demanded the return of the payments made by him with interest, which was refused. The prayer of the cross-bill was that the contract be canceled and that complainants return to him the payments he had made, with interest thereon. The court found that the charge of fraud made by the defendant was not

sustained by the evidence, but that as the defendant was not advised of his right under the law to disaffirm the contract, the payments made by defendant after he became of age and the filing of the contract for record did not constitute an affirmance, and decreed that complainants return to the defendant the payments made, without interest.

The question presented for our decision, therefore, is whether it is necessary to a ratification of a minor's contract after he is of full age that he know his legal right to disaffirm the contract. It seems to be conceded that the contract executed by the minor in the instant case is voidable and not void. Such a contract may be ratified by acts and conduct on the part of the minor after arriving at full age. *Davidson v. Young,* 38 Ill. 145.

After the defendant became 21 years of age, he made two monthly payments on account of the purchase price, recorded the contract, asked for an extension of time to make payments, and requested complainants to obtain a cash purchaser for the property. These acts, we think, amount to a ratification or affirmance of the contract, unless it can be said that the lack of knowledge by the defendant of his legal right to disaffirm rendered the defendant's acts ineffective for that purpose.

The defendant contends that such legal knowledge is necessary to render the contract enforceable, and in support of this cites *Coe v. Moon,* 260 Ill. 76; *Sayles v. Christie,* 187 Ill. 420; *McCarty v. Carter,* 49 Ill. 53; *Davidson v. Young, supra,* and a number of cases from other jurisdictions, as well as text-writers. An examination of the *Coe* case, *supra,* discloses that the question now under consideration was not considered, but that what the court had in mind was that the minor in that case had been deceived as to the facts in the case. This is clearly apparent, for the court there cites the case of *Davidson v. Young, supra,* as authority. In the

latter case the court said that to constitute a ratification of the acts done in infancy, the act relied upon must be performed with a full knowledge of its consequences and with an express intention to ratify what is known to be voidable. The court there held that there was no ratification, but said that if the minor had known the facts in the case a very different question would have been presented. In the *Sayles* case, *supra,* a deed from the daughter to the mother was held to have been fraudulently obtained. In the *McCarty* case, *supra,* the question under consideration was in no way referred to. It is clear, therefore, that in none of these cases was the question now under consideration passed upon by our Supreme Court. And while there are some authorities from other jurisdictions which hold that to ratify such a contract the former minor must be cognizant of his legal rights, yet we think that the weight of authority and the better considered opinions all hold that the right to disaffirm a contract made in infancy is a matter of law of which all men are conclusively presumed to have knowledge. 22 Cyc. 603; Hammon on Contracts, sec. 172; 1 Wharton on Contracts, sec. 57; *Morse v. Wheeler,* 86 Mass. [4 Allen] 570; *American Mortg. Co. of Scotland v. Wright,* 101 Ala. 658; *Bestor v. Hickey,* 71 Conn. 181; *Anderson v. Soward,* 40 Ohio St. 325.

In 22 Cyc. 603, in discussing this question, it is said: "The better considered rule appears to be that as the late infant must be presumed to know his legal rights, it is not necessary to a ratification of his contract made during infancy that the act or promise relied on should have been done or made with actual knowledge that he was not bound; but there are many cases asserting the contrary, although these assertions are mostly in the form of *dicta.*" And in Hammon on Contracts, *supra,* the author says: "As to whether a man must have actual knowledge of his legal right to avoid a contract made in infancy in order to bind himself by ratification,

the cases are in conflict. One line of cases holds that there can be no ratification without intelligent action as to the law as well as to the facts, and, accordingly, that, if a man does not know that he has a right to disaffirm a contract made in infancy, no act done with reference to that contract may charge him as by ratification. By the better-reasoned opinions, however, the contrary view is taken. The right to disaffirm a contract made in infancy is, they hold, a matter of law, of which all men are conclusively presumed to have knowledge. A man's ignorance of the law in this respect may not, therefore, be proved; and, accordingly, by promising, either expressly or impliedly, to perform a contract entered into while a minor, a man ratifies the contract, and makes it binding upon him in spite of the fact that, in truth, he does not know that the contract is voidable.''

In Wharton on Contracts, *supra,* it is said: ''Supposing there be no fraud on the part of the other contracting party, it is not necessary to the validity of an affirmance that the person making it should be aware of its legal effects. He may have as little knowledge of these effects the day after as he had the day before he comes of age. But the line drawn by the law is necessarily arbitrary; and, as soon as he becomes of age, a knowledge of the legal character of his acts is imputed to him. It is true that there have been intimations that a ratification will not be recognized by the courts unless made with a knowledge of the consequences. If by this is meant that loose talk by a person just coming of age, or concessions induced by misstatements or suppressions of the other side, will not be regarded as ratification, the conclusion may be accepted as true. But to say that a knowledge of the legal consequences of a ratification is necessary to validate a ratification, not only interposes a condition it would be difficult to establish, and which would often be made dependent upon the testimony of the party

himself long afterwards when his views may have changed, but would invalidate all ratifications, since there is no ratification all of whose legal consequences can be foreseen. Hence the better opinion is that a ratification, made by a person of sound mind, on arriving at his majority, will be held valid, if untainted with fraud or undue influence, though the party making it was not at the time aware that it bound him in law.''

In the *Morse* case, *supra,* the Supreme Court of Massachusetts was called upon to pass on the question for the first time. There the question is intelligently discussed and the authorities analyzed. Mr. Justice Metcalf, in delivering the opinion of the court, said: ''This case brings before the court, for the first time, the question whether it is necessary to the ratification of an infant's promise, after he is of full age, that he should know, when he makes the new promise, that he is not legally liable on the other. It is said in numerous books that such knowledge is necessary to such ratification. But we are all of opinion that it is not necessary, either on principle or authority.'' To the same effect are the holdings of the Supreme Courts of Alabama, Connecticut and Ohio, in the other authorities cited.

We are of the opinion that in the instant case, the testimony of the defendant that he did not know his legal rights after he became 21 years of age was inadmissible, as he was conclusively presumed to know the law.

Complainants also contend that the money which was paid to them on the purchase price belonged to the defendant's father, and therefore cannot be recovered by the defendant. We have examined carefully the evidence in this regard, and are entirely satisfied with the conclusions of the chancellor that the money paid was the property of the defendant. We are also in accord with the finding of the chancellor that the charges of fraud claimed by defendant in procuring

the execution of the contract were not sustained by the evidence.

It follows from what we have said that the decree of the Superior Court of Cook county must be reversed and the cause remanded with directions to dismiss the cross-bill, and to grant such relief under the original bill as shall be equitable under the circumstances; and for this purpose the chancellor may hear such other testimony as he shall determine.

The decree of the Superior Court is reversed and the cause remanded.

*Reversed and remanded with directions.*